**Aida FERNANDEZ, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**No. 87 Civ. 2538 (CSH).**

United States District Court, S.D. New York.

Jan. 19, 1988.

---

Aida Fernandez, pro se.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City (Kathleen A. Zebrowski, of counsel), for defendant.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

Plaintiff Aida Fernandez, appearing *pro se* in this action challenging defendant Secretary's denial of disability benefits, applied to this Court for the appointment of counsel under 28 U.S.C. § 1915(d).[1] While that application was pending, the Secretary moved for judgment on the pleadings under Rule 12(c), F.R.Civ.P. The focus thus becomes whether the Court should appoint counsel to help plaintiff resist the Secretary's motion.

The statute gives the district courts discretion to "request" counsel to represent indigent litigants. The courts have no funds with which to compensate counsel, which probably explains why the statute says request, rather than command. As a practical matter, most district courts, including this one, try to enlist volunteers on an organized basis from local firms and bar associations. Demand always exceeds supply.

District judges do not have unfettered discretion in the appointment of counsel under § 1915(d). The Second Circuit undertook to establish guidelines in *Hodge v. Police Officers*, 802 F.2d 58 (1986). The court of appeals said that a district judge asked to appoint counsel:

"... should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any specific reasons in that case why appointment of counsel would be more likely to lead to a just determination." *Id.* at 60.

The precise meaning of the "threshold requirement" that the claim "seems likely to be of substance" is debatable. But I need not consider the matter at length in the case at bar, which arises from a denial of disability benefits. Given the recent spate of federal trial and appellate court reversals of the Secretary's denial of disability benefits, any denial is likely to present a substantial question.

Therefore I consider the other criteria articulated in *Hodge*. They all militate against the appointment of counsel in the usual disability case. The Secretary has determined that plaintiff is not "disabled" as that term is defined in 42 U.S.C. § 1382c(a)(3). His finding is conclusive on this Court if supported by "substantial evidence." 42 U.S.C. § 405(g). In defending a suit such as this, the Secretary is required to submit the entire administrative record for judicial review. He has done so here.

In these circumstances, no need to "investigate the crucial facts" is present; the factual record has been made.[2] The need

1. The statute provides:
   The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

2. While plaintiff was not represented by counsel during the proceedings before the Administra-

for cross-examination does not arise. The controlling legal issue is narrow. The district court is able to examine the record in the light of the applicable standard of review. I will do so carefully here.

Accordingly, I deny plaintiff's application for appointment of counsel. If she wishes to offer any written response to the Secretary's motion for judgment, plaintiff must file and serve that response not later than February 26, 1988. The Government has seven (7) days to reply if so advised. The motion will then be ripe for decision.

It is SO ORDERED.

tive Law Judge, there is no requirement that claimants be represented to validate the proceedings. *Hankerson v. Harris,* 636 F.2d 893, 895 (2d Cir.1980). Whether the ALJ properly protected the interests of this lay claimant will be considered when I address the merits of defendant's motion.