**Henry GATSON, Plaintiff,**

v.

**Thomas COUGHLIN, Commissioner of Correctional Services; Walter Kelly, Superintendent of Attica Correctional Facility; Charles Cunningham, Correctional Officer; Penny Dukelow, State Civilian Employee, Defendants.**

**No. CIV–87–984C.**

United States District Court,
W.D. New York.

Feb. 17, 1988.

Henry Gatson, pro se.

Robert Abrams, Atty. Gen. of State of N.Y. (Paul F. McCarthy, Asst. Atty. Gen., of counsel), Buffalo, N.Y., for defendants.

CURTIN, Chief Judge.

Plaintiff brings this case pro se pursuant to 42 U.S.C. § 1983 alleging certain violations of his constitutional rights. In an order dated August 19, 1987, this court granted plaintiff's leave to proceed *in forma pauperis*, but declined to assign counsel until issue was joined. Defendants have moved to dismiss plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted, and plaintiff has renewed his request to have counsel assigned.

In deciding a motion to dismiss under Rule 12(b)(6), the court must construe the pleadings liberally, and this is especially true when the complaint is made pro se. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). After thus construing the complaint, the court should deny a motion to dismiss for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*, quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). In accordance with these principles, plaintiff's complaint is construed to set forth the following factual bases for his claims.

At the time of the events complained of, plaintiff was an inmate at the Attica Correctional Facility and was assigned to work in the prison commissary. Plaintiff alleges that on June 19, 1987, while working in the commissary, he was approached by Ms. Penny Dukelow, a civilian commissary employee, about a legal proceeding in which Ms. Dukelow was involved. Plaintiff volunteered to help Ms. Dukelow prepare a response to a motion, and apparently informed Correction Officer Charles Cunningham of his contact with Ms. Dukelow.

Subsequently, according to plaintiff, on June 27, 1987, a search of plaintiff's cell was ordered by Lieutenant Wolff, during which Ms. Dukelow's document was "confiscated." Shortly thereafter, plaintiff was given an administrative transfer to the Great Meadow Correctional Facility.

Plaintiff claims that Officer Cunningham and Ms. Dukelow conspired to deprive him of his job at the commissary and that his employment was terminated without a hearing in violation of the due process clause of the fourteenth amendment. Plaintiff further claims that he was denied due process in that the Superintendent of Attica Correctional Facility, Walter Kelly; and the Commissioner of Correctional Services, Thomas Coughlin, failed to comply with the requirements of New York State Correction Law § 114–a (requiring the Superintendent to make a record of all complaints by inmates of cruel and unusual treatment by an employee of the corrections facility) and 7 N.Y.C.R.R. § 52.19 (allowing a department employee to proffer charges). Plaintiff also claims that his involuntary transfer to another facility was done in retaliation for his filing this action and for the purpose of obstructing his access to witnesses, exhibits, and legal materials necessary for the proper presentation of his case, and that this transfer deprived him of a protected liberty interest without due process and subjected him to cruel and unusual punishment. Finally, plaintiff has asserted that prison officials purposely and unconstitutionally withheld plaintiff's legal mail and that plaintiff was wrongfully denied a visit from his fiancee.

In *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir.1986), the Second Circuit discussed the factors to be considered by the court in exercising its discretion to appoint counsel for indigents in civil cases pursuant to its authority under 28 U.S.C. § 1915(d). As a threshold matter, the court should first consider the merits of the indigent's claims to determine whether they are likely to be of substance. If the claims meet this initial requirement, the court should then consider:

the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge*, 802 F.2d at 61–62. According to these guidelines, and in consideration of the standards for deciding a Rule 12(b)(6) motion, the court will first examine the merits of plaintiff's claims to determine whether counsel should be appointed, or whether plaintiff will be able to prove no set of facts in support of his claim which will entitle him to relief.

■ The due process clause does not in and of itself protect a prisoner against transfer from one institution to another within the state's prison system. *Meachum v. Fano*, 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 (1976); *Cofone v. Manson*, 594 F.2d 934, 937 (2d Cir.1979). Neither the fourteenth amendment nor New York law accords an inmate a liberty interest in remaining at a particular prison facility. *Sher v. Coughlin*, 739 F.2d 77, 80 (2d Cir.1984). Indeed, a transfer between prisons in the New York State system does not deny a liberty interest no matter what "part an inmate's behavior may play in a decision to transfer." *Montanye v. Haymes*, 427 U.S. 236, 243, 96 S.Ct. 2543, 2547, 49 L.Ed.2d 466 (1976). Plaintiff has thus failed to state a due process claim, upon which relief under 42 U.S.C. § 1983 may be granted, based on his transfer to another prison.

■ Likewise, a prisoner does not have a protected property interest in any particular prison job. *Bryan v. Werner*, 516 F.2d 233, 240 (3d Cir.1975), *citing Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). The termination of plaintiff's employment without a hearing thus does not rise to the level of a deprivation of property without due process, since has not established, nor could he establish, a "legitimate claim of entitlement" to remaining in his work assignment in the pris-

on commissary. *Roth,* 408 U.S. at 577, 92 S.Ct. at 2709. Plaintiff's claim based on this ground must therefore be dismissed.

■ Further, plaintiff's claim that his transfer to another prison amounted to cruel and unusual punishment must likewise be dismissed, since such transfers, even if proven to be for "punitive" reasons, are neither unusual nor "cruel in the constitutional sense." *Persico v. Gunnell,* 560 F.Supp. 1128, 1137 (S.D.N.Y.1983), *citing Sisbarro v. Warden, Massachusetts State Penitentiary,* 592 F.2d 1, 4 (1st Cir.), *cert. denied,* 444 U.S. 849, 100 S.Ct. 99, 62 L.Ed. 2d 64 (1979).

■ With regard to the remaining claims, the court finds that defendants, as movants, have not shown that plaintiff could prove no set of facts in support of those claims. Plaintiff's allegations that defendants Coughlin and Kelly failed to follow proper administrative procedures, that they obstructed plaintiff's access to the legal process, and that they interfered with plaintiff's mail and visitation rights, may state colorable claims for relief under section 1983 against those defendants, and thus cannot be dismissed on a Rule 12(b)(6) motion.

■ Since plaintiff has met the *Hodge* threshold requirement as to these aforementioned claims, the court will consider the additional *Hodge* factors in determining whether to appoint counsel in this case. While certain facts are essentially undisputed, other issues are presented, such as the extent to which statutory requirements were followed, the extent of the alleged obstruction of plaintiff's access to the courts, and the extent of the alleged interference with plaintiff's mail, which may require substantial factual investigation. Such investigation presumably might not be effectively conducted by plaintiff due to his present confinement and due to the fact that, for the most part, the events complained of took place at Attica and the plaintiff is now at Green Haven. Certain of these factual issues may turn on credibility, thus implicating the need for effective cross-examination. Further, in light of plaintiff's inability to present his case, and

in light of the potential complexity of the legal issues involved, it appears to the court that appointment of counsel to represent plaintiff would be more likely to lead to a just determination in this case than would requiring plaintiff to proceed with his claim pro se.

Accordingly, plaintiff's application for appointment of counsel is granted. Defendant's motion to dismiss is denied as to plaintiff's claims under 42 U.S.C. § 1983 against defendants Kelly and Coughlin based on their alleged failure to follow statutory administrative procedures, their alleged obstruction of plaintiff's access to the courts, and their alleged interference with plaintiff's mail and visitation rights. Defendant's motion to dismiss is granted as to plaintiff's remaining claims under section 1983. Since defendants Dukelow and Cunningham were not alleged to have participated in the acts giving rise to any of the claims remaining in the case, plaintiff's complaint against those defendants is dismissed.

Under the criteria set forth in *Hodge v. Police Officers,* 802 F.2d 58 (2d Cir.1986), I find that counsel should be appointed in this case. 28 U.S.C. § 1915(d).

David C. Horan, 2100 Main Place Tower, Buffalo, New York 14202, is hereby assigned to represent plaintiff. Plaintiff's attorney is directed to contact Barbra Kavanaugh, the Pro Se Law Clerk for this district, at 304 United States Court House, 68 Court Street, Buffalo, New York 14202 (846–4211) as soon as possible to obtain copies of the relevant filings.

Counsel shall meet with the court on March 10, 1988, at 9 a.m. to discuss the future course of this litigation.

So ordered.