**Mozelle JENKINS, Plaintiff-Appellant,**

v.

**CHEMICAL BANK, Raffaela J. Rainone, Lawrence Nagelberg, Yvonne Van Meessche, Joseph Miccarelli and Jean Roane, Defendants-Appellees.**

**No. 284, Docket 82–7167.**

United States Court of Appeals, Second Circuit.

Argued Oct. 12, 1983.

Decided Nov. 9, 1983.

Paul E. Dahlman, New York City, of counsel, for plaintiff-appellant.

Stephen R. Mills, Epstein, Becker, Borsody & Green, P.C., New York City (Susan Schenkel-Savitt, Dale E. Callender, New York City, of counsel), for defendants-appellees.

Before KAUFMAN, NEWMAN and DAVIS,* Circuit Judges.

IRVING R. KAUFMAN, Circuit Judge:

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. (1976), proscribes employment discrimination based on race, color, religion, sex or national origin. District courts are empowered to appoint counsel if requested by a Title VII pro se plaintiff. 42 U.S.C. § 2000e-5(f) (1976).[1] Although a judge is not obligated to designate an attorney, the mandate that due consideration be given to the need for a lawyer is evidenced by the language permitting appointment "in such circumstances as the court may deem just." Id. In this case, we are presented with a record which fails to assure us that the district court exercised its discretion on this question and, accordingly, we remand to the trial court. Before elaborating the legal considerations on which our decision is grounded, we describe the facts which have bearing on our conclusion.

## FACTS

Mozelle Jenkins worked as a clerk for Chemical Bank in New York City from 1967 until October 4, 1977 when her employment was terminated. The Bank asserted she refused to report back to her regular position after temporarily replacing another worker whose duties were less demanding. In addition, Ms. Jenkins was denied unemployment compensation because she had been discharged for misconduct. The appellant disputed these explanations and filed a charge with the Equal Employment Opportunity Commission (hereinafter "EEOC"), claiming her termination was the result of race and sex discrimination. The EEOC dismissed the charge, finding no reasonable cause for believing Ms. Jenkins's allegations. She, accordingly, was notified of her right to sue her former employer in federal court. The notice advised, "If you cannot afford or have been unable to obtain a lawyer to represent you, you should be aware that the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) permits the U.S. District Court having jurisdiction in your case to appoint a lawyer to represent you."

Ms. Jenkins initiated this action on May 14, 1979. Shortly after being served with an answer, she sent a letter to the court requesting counsel be appointed. Two weeks later, on July 26, 1979, she filed a motion to the same end. There was no response to her application until October 3, 1979. On that date, Judge Stewart's law clerk wrote to Ms. Jenkins stating, "Unfortunately, the Court does not order lawyers to represent indigent clients in civil cases, so we cannot grant your request. However, you may proceed with the case on your own, and the Court will take into account the fact that you are not represented by counsel."

On November 7, 1979, a pre-trial conference was held at which it appears Ms. Jenkins's legal representation was discussed. Chemical Bank's counsel stated, in a letter describing the meeting, "If Ms. Jenkins does not retain counsel within two weeks, the Court, in its discretion, will decide

---

* Of the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

1. The pertinent parts of the section are quoted in the text of the opinion, infra, at the beginning of the legal discussion.

whether or not to appoint counsel." Appellant Jenkins responded to that communication by denying the Bank's claims she had not searched diligently for private counsel. In a later affidavit, dated December 15, 1979, she stated she could not afford an attorney and gave the name of one lawyer she had consulted. Chemical Bank replied by writing to the court vigorously opposing any appointment of counsel.

In January 1980, Judge Stewart's law clerk again wrote to Ms. Jenkins concerning her "request for counsel. We regret that our attempts to assist you have been unsuccessful. If you wish to continue to try to find legal assistance on your own, I have enclosed a list of several attorneys who handle cases such as yours." Appellant replied several days later, again insisting she was indigent and needed a lawyer.

There are references to Ms. Jenkins's requests on two more occasions. A September 1980 affidavit by counsel for Chemical Bank refers to Ms. Jenkins's attempt to delay a deposition until after she had procured an attorney. In a sworn statement dated October 20, 1980, appellant reiterated her need for professional assistance.

Ms. Jenkins's motion for appointment of counsel was never formally denied, and there is nothing on the record to indicate with certainty that Judge Stewart exercised his discretion pursuant to Title VII, 42 U.S.C. § 2000e–5(f)(1) (1976). Instead, the uncertain legal status of the request continued throughout the pre-trial period. In January 1981 a three-day non-jury trial was conducted at which Ms. Jenkins appeared without legal representation. The judge found no support for the claim she was terminated because of discrimination based on race or sex, and dismissed her complaint. Ms. Jenkins now appeals on the ground that Judge Stewart abused his discretion in failing to appoint counsel.

## DISCUSSION

■ 42 U.S.C. § 2000e–5(f)(1) provides in pertinent part:

Upon application by the complainant [in a Title VII action] and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs or security.

Viewed against the background of the general authorization to courts to request counsel to represent civil litigants, 28 U.S.C. § 1915(d) (1976),[2] this language suggests a special congressional concern with legal representation in Title VII cases. In addition, the House Report states, "[b]y including this provision in the bill, the committee emphasizes that the nature of Title VII actions more often than not pits parties of unequal strength and resources against each other. The complainant, who is usually a member of a disadvantaged class, is opposed by an employer who not infrequently is one of the nation's major producers, and who has at his disposal a vast array of resources and legal talent." H.R.Rep. No. 238, 92nd Cong., 1st Sess. 12 (1972), *reprinted in* 1972 U.S.Code Cong. & Ad. News 2137, 2148. Although the statute does not provide a right to counsel, *see Caston v. Sears, Roebuck & Co., Hattiesburg, Miss.,* 556 F.2d 1305, 1309 (5th Cir. 1977), this legislative history reinforces Congress's view that courts must give serious consideration to these requests.

■ We recognize a district court's decision whether to appoint a lawyer is subject to review only for an abuse of its discretion. *White v. United States Pipe & Foundry Co.,* 646 F.2d 203, 205 (5th Cir.1981). But "such discretionary choices are not left to a court's 'inclination, but to its judgment; and its judgment is to be guided by sound legal principles.'" *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 416, 95 S.Ct. 2362, 2371, 45 L.Ed.2d 280 (1976), quoting *United States v. Burr,* 25 F.Cas. 30, 35 (C.C.Va. 1807) (Marshall, C.J.).

**2.** 28 U.S.C. § 1915(d) reads:

The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

In this case, the court did not indicate it had given any thought to Jenkins's applications for an attorney. The only responses to her repeated solicitations came from the judge's law clerk whose letters do not evince an awareness that Title VII provides authorization for the appointment of counsel. Moreover, Judge Stewart's opinion from the bench, otherwise detailed and conscientious, made no mention of Jenkins's requests for a lawyer. We do not mean to suggest the judge did not fully understand his authority, and he may very well have elected not to appoint counsel. On this record, however, we cannot be assured the failure to assign counsel was grounded on a reasoned application of sound prescripts. *See* Friendly, *Indiscretion and Discretion*, 31 Emory Law Journal 747, 770–71 (1982). Moreover, there is a dearth of facts on which we might base a decision whether not providing appellant with counsel was an abuse of discretion. Consequently, it is necessary to remand to the district court for consideration whether an attorney should have been appointed. To assist the court in exercising its discretion, we provide guidelines for its evaluation of a Title VII *pro se* plaintiff's request for counsel.

We look first to several criteria enunciated by other circuits. A court should assess a plaintiff's ability to afford a private attorney, although the litigant need not be destitute before an appointment is made. *See Bradshaw v. Zoological Society of San Diego*, 662 F.2d 1301, 1319 (9th Cir. 1981); *Caston v. Sears, Roebuck & Co., Hattiesburg, Miss., supra*, 556 F.2d at 1309. In addition, consideration should be given to the efforts taken by the plaintiff to obtain a lawyer. At a minimum, there must be evidence of a "reasonably diligent effort under the circumstances." *Bradshaw v. Zoological Soc. of San Diego, supra*, 662 F.2d at 1319. The court might look at the availability of counsel in its geographical area and the plaintiff's possible skill or lack of skill at obtaining such help as well as at the number of contacts with potential counsel. *Caston v. Sears, Roebuck & Co., Hattiesburg, Miss., supra*, 556 F.2d at 1309.

We also think a court should examine the merits of the plaintiff's case, according appropriate weight to the EEOC's conclusion. An EEOC ruling of no reasonable cause, taken alone, is an insufficient basis for denying a request for appointed counsel. *Luna v. Int'l. Assn. of Machinists & Aerospace Workers Local # 36*, 614 F.2d 529, 531 (5th Cir.1980). At the same time, a negative EEOC determination, together with patently frivolous rebuttals by the plaintiff, would militate against appointment of a lawyer. *Caston v. Sears, Roebuck & Co., Hattiesburg, Miss., supra*, 556 F.2d at 1309.

We do not believe an attorney need be appointed in every case which survives a motion to dismiss. Accordingly, we would expand the inquiry to include several considerations suggested in connection with requests for counsel pursuant to 28 U.S.C. § 1915(d). Plaintiff's ability to gather and present crucial facts should be heeded, as should the complexity of the legal issues raised in the complaint. *See Merritt v. Faulkner*, 697 F.2d 761, 764 (7th Cir.1983). Finally, we wish to emphasize this articulation of standards is not intended as an exclusive list. The statute's words, "as the court may deem just," 42 U.S.C. § 2000e–5(f)(1), require a flexible and sensitive case-by-case approach. *Caston v. Sears, Roebuck & Co., Hattiesburg, Miss., supra*, 556 F.2d at 1310.

On remand, the district court should exercise its discretion by examining the record at the time of appellant's pre-trial requests for counsel. The question of appointment of an attorney is a preliminary inquiry and should not be based upon the evidence adduced at trial. In the event Judge Stewart decides a lawyer should have been appointed, we would not require that he automatically grant a new trial. Instead, we propose appellant be afforded a hearing at which the appointed counsel might present evidence justifying further proceedings. The district court would then have a firm basis for making a fair determination whether any prejudice resulted from the earlier failure to appoint an attorney.

In the absence of such a showing, judicial resources need not be wasted on duplicative litigation.

Accordingly, we vacate and remand for proceedings consistent with this opinion.