**Allen HODGE, Plaintiff-Appellant,**

v.

**POLICE OFFICERS: Colon, # 623; and Repuerto, # 145, Defendants-Appellees.**

**No. 5, Docket 84–2386.**

United States Court of Appeals, Second Circuit.

Argued Aug. 27, 1986.

Decided Sept. 29, 1986.

Stephen M. Latimer, Prisoners' Legal Services, New York City, for plaintiff-appellant.

Trudi Mara Schleifer, New York City, (Asst. Corp. Counsel of the City of New York, Frederick A.O. Schwarz, Jr., Corp. Counsel of the City of New York, Francis F. Caputo, Asst. Corp. Counsel, of Counsel), for defendants-appellees.

Before FEINBERG, Chief Judge, CARDAMONE, Circuit Judge and KELLEHER,* District Judge.

FEINBERG, Chief Judge:

This case presents the important question of what criteria to use in deciding whether to appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(d). Allen Hodge appeals from a judgment of the United States District Court for the Southern District of New York, Mary Johnson Lowe, J., dismissing his civil rights complaint. Hodge argues the judge erred in refusing to appoint counsel to help him litigate his claim. Because we find that the district court did not properly exercise its discretion, we reverse and remand this case to the trial court.

## I. Background

In February 1983, Allen Hodge was arrested by New York City Police Officers Israel Colon and Madelyn Repuerto. In the following month, Hodge filed a pro se complaint in the Southern District under the Civil Rights Act, 42 U.S.C. § 1983, charging the arresting officers with beating him without cause. In July 1983, Hodge requested appointment of counsel in connection with his civil rights action. Judge Henry F. Werker of the Southern District denied Hodge's request, seeing "no reason at the present time why the application should be granted." Hodge renewed his request for counsel in September, claiming he could not properly be deposed without an attorney; Judge Werker denied the request and refused to prohibit the deposition.

While Hodge's federal civil rights action was proceeding, he was prosecuted in New York and Bronx Counties for the actions that had led to his arrest. In December 1983, Hodge was convicted in Bronx County of robbery, assault and criminal possession of a weapon; in April 1984, he was convicted in New York County of robbery. The sentence on the former charges was 20 years to life, and, on the latter, 15 years to life.

In May 1984, following the death of Judge Werker, Hodge's civil rights suit was transferred to Judge Lowe, and thereafter Hodge again renewed his request for appointment of counsel. Judge Lowe denied Hodge's request in a memorandum opinion, as follows:

This is a § 1983 action based on plaintiff's claim that two New York City police officers arrested plaintiff for no apparent reason, used excessive force against him in the police vehicle thereafter, and refused to take plaintiff for a post-incarceration doctor's appointment. On July 2, 1984 the Court advised plaintiff that trial in this matter had been set for September 24, 1984. Thereafter, plaintiff moved for appointment of counsel to assist him in trial preparation.

Unfortunately, the pool of volunteer lawyers from which we may draw is very limited, and appointment of counsel must be reserved for those cases which are sufficiently complex that they cannot be fairly tried without counsel. We believe that the issues at trial of this case will be relatively straightforward and will turn in large part on the trier of fact's estimation of the plaintiff's and the officers' credibility. Accordingly, the case can be fairly tried without having counsel appointed to represent the plaintiff.

For the foregoing reasons, plaintiff's motion for appointment of counsel is denied.

Thus, Hodge represented himself at the trial of his civil rights action. The jury acquitted the police officers, and Judge Lowe dismissed the complaint. Hodge appealed the judgment, and in September 1985 this court granted his request for appointment of counsel for the appeal and ordered transcription of the trial minutes. Having now had the issues fully briefed in this court and argued by counsel, we hold that Judge Lowe did not use the appropri-

---

* Honorable Robert J. Kelleher, Senior United States District Judge for the Central District of California, sitting by designation.

ate criteria in exercising her discretion under 28 U.S.C. § 1915(d) in declining to appoint counsel.

## II. Discussion

The authority for a district judge to appoint counsel for indigents in civil cases comes from 28 U.S.C. § 1915(d):

> The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.

Broad discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision. *Miller v. Pleasure,* 296 F.2d 283, 284 (2d Cir.1961), *cert. denied,* 370 U.S. 964, 82 S.Ct. 1592, 8 L.Ed.2d 830 (1962). But that does not mean that a court can do whatever it pleases. A court must exercise its discretion in accordance with sound legal principles, and its decision is subject to review for abuse of that discretion. See *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 416, 95 S.Ct. 2362, 2370, 45 L.Ed.2d 280 (1975); *Jenkins v. Chemical Bank,* 721 F.2d 876, 879 (1983).

Clear legal principles in this circuit governing § 1915(d) appointment of counsel are few. Of course, the statute must be understood to guarantee indigents "meaningful access" to the courts as required by the Constitution, *Bounds v. Smith,* 430 U.S. 817, 823, 97 S.Ct. 1491, 1495, 52 L.Ed.2d 72 (1977), but no court has yet held "meaningful access" to mean that indigents must always be supplied with counsel in civil as well as criminal cases. *In re Martin-Trigona,* 737 F.2d 1254, 1260 (2d Cir.1984). In this circuit, *Miller v. Pleasure* held that where "the plaintiff's claims are so highly dubious that a judge cannot properly ask a member of the bar to assume this thankless burden," appointment of counsel is properly denied. 296 F.2d at 285. In habeas corpus cases, counsel must be appointed for qualified indigents when a hearing is required; the court may appoint counsel at an earlier stage if it deems appointment desirable. Rules Governing Section 2254 Cases in the United States District Courts, Rule 8(c) and Advisory Committee Notes.

This court has also examined the standards for appointment of counsel in Title VII suits. In *Jenkins v. Chemical Bank,* we held that under that statute "an attorney need [not] be appointed in every case which survives a motion to dismiss.... Plaintiff's ability to gather and present crucial facts should be heeded, as should the complexity of the legal issues raised in the complaint." 721 F.2d at 880 (citing *Merritt v. Faulkner,* 697 F.2d 761, 764 (7th Cir.), *cert. denied,* 464 U.S. 986, 104 S.Ct. 434, 78 L.Ed.2d 366 (1983)). We emphasized there, however, that those factors were not intended as an exclusive list. Thus, the rules for appointing counsel in the context of § 1915(d) have not been squarely settled in this circuit.

Other circuits have more frequently discussed the guidelines for the exercise of § 1915(d) discretion. The leading case is *Maclin v. Freake,* 650 F.2d 885 (7th Cir. 1981) (per curiam). In *Maclin,* a paraplegic prisoner brought a § 1983 suit claiming a prison doctor had failed to provide him promised medication and therapy, and that the doctor thereby made his condition worse. In reversing the district court's refusal to appoint counsel, the Seventh Circuit cited a variety of factors trial judges should consider in § 1915(d) decisions.

As a threshold matter, the Seventh Circuit explained, the district court must consider the merits of the indigent's claim. "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." 650 F.2d at 887 (citing *Miller,* 296 F.2d 283). As indicated above, this is already part of the law in this circuit, and it is a requirement that must be taken seriously. If mere bald assertions by an indigent, which technically put a fact in issue and suffice to avert summary judgment, required appointment of an attorney under § 1915(d), the demand for such representation could be overwhelming. If, however, the indigent appears to have some chance

of success, the *Maclin* case cites other factors the trial judge should consider.

One such consideration is the nature of the factual issues the claim presents. For example, the case might require substantial factual investigation. An indigent prisoner bringing such a case would be unable to conduct the investigation; these circumstances would militate toward appointing counsel. *Maclin*, 650 F.2d at 887 (citing *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971) (per curiam) (prisoner suing former attorney for conversion of automobile unable to investigate substance of attorney's proposed defenses; counsel appointed)). The *Maclin* court also felt that if a case's factual issues turn on credibility, this should weigh on the side of appointing counsel since "it is more likely that the truth will be exposed where both sides are represented by those trained in the presentation of evidence and in cross-examination." 650 F.2d at 888. The *Maclin* court cited *Manning v. Lockhart*, 623 F.2d 536 (8th Cir.1980), where counsel was appointed for a pro se prisoner because his claim of assault by the warden turned on the credibility of their testimony.

Another factor cited by the *Maclin* court is the plaintiff's apparent ability to present the case. 650 F.2d at 888. This factor was well articulated in *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.), *cert. denied*, 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978), which noted that "counsel will certainly be in a far better position to assist the litigant and the court than will the judge who chooses instead to struggle with an unlearned and sometimes barely literate prisoner." *Id.* at 1154–55 (Hall, J., dissenting on other grounds) (footnote omitted). See also *Hudak v. Curators of the University of Missouri*, 586 F.2d 105 (8th Cir.1978), *cert. denied*, 440 U.S. 985, 99 S.Ct. 1799, 60 L.Ed.2d 247 (1979) (refusal to appoint counsel for indigent former law professor upheld). Finally, the *Maclin* court felt, for obvious reasons, that the trial judge should be more inclined to appoint counsel if the legal issues presented are complex. 650 F.2d at 888–89.

The *Maclin* factors have been generally followed in other circuits. See *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir.1984); *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982). Yet, the *Maclin* court did not intend the factors it listed to be the only ones used in exercising § 1915(d) discretion, 650 F.2d at 889, and they have not been treated as such, see *Ulmer*, 691 F.2d at 213 (court should also consider whether appointment of counsel would lead to a quicker and more just result by sharpening the issues and shaping examination). Furthermore, some courts have held that the indigent's efforts to obtain counsel should be considered, see *Ulmer*, 691 F.2d at 213. Cf. *Jenkins*, 721 F.2d at 880. In our view, the language of the statute itself requires that the indigent be unable to obtain counsel before appointment will even be considered.

We think the factors described in *Maclin* are appropriate for the trial court to consider in exercising its discretion to appoint counsel pursuant to 28 U.S.C. § 1915(d). We recognize that some circuits appear to take a more stringent approach than *Maclin* to appointment of counsel, see *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980) (appointment only in "exceptional circumstances"), while others use a test that seems less demanding than the *Maclin* criteria, see *Hahn v. McLey*, 737 F.2d 771, 774 (8th Cir.1984) (per curiam) (appointment "upon request," if "colorable" claim presented). In our view, however, the *Maclin* factors find the proper middle ground.

■ This is not to say that all, or indeed any, of the factors must be controlling in a particular case. Each case must be decided on its own facts. In deciding whether to appoint counsel, however, the district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the

fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

## III.   Conclusion

■ In refusing to appoint counsel for Hodge, Judge Lowe did not exercise her discretion in accordance with these rules. Her opinion declining to appoint counsel does not show that she considered whether Hodge's claim was likely to be of substance. Furthermore, that the case would largely turn on conflicting testimony seemed to weigh against appointment in her decision rather than in favor. Because the trial court did not consider the appropriate factors in exercising its discretion, we reverse the decision not to appoint counsel and remand.

On remand, the district court should exercise its discretion based on the record at the time of Hodge's pre-trial requests for counsel. "The question of appointment of an attorney is a preliminary inquiry and should not be based upon the evidence adduced at trial." *Jenkins v. Chemical Bank,* 721 F.2d at 880. Accord, *Branch v. Cole,* 686 F.2d 264 (5th Cir.1982). In making this determination, the district court should also examine the records of Hodge's criminal trials to see if the issues litigated or evidence produced in those proceedings affect the substantiality of Hodge's civil rights claim. If, from this perspective, the trial court finds that Hodge's claim did appear likely to be of substance and that the other factors weighed in favor of appointment, counsel should be appointed. The burden would remain on Hodge and his newly appointed counsel, however, to present evidence to the district court demonstrating that the earlier failure to appoint counsel was prejudicial. *Jenkins,* 721 F.2d at 880. If this burden is met, a new trial should be ordered.

Accordingly, we vacate and remand for proceedings consistent with this opinion.