**Samuel McCULLOUGH, Plaintiff,**

v.

**Warden SCULLY, Greenhaven Correctional Facility and Greenhaven Medical Director, Defendants.**

No. 88 Civ. 6334 (PKL).

United States District Court,
S.D. New York.

Feb. 18, 1992.

Samuel McCullough, pro se.

William K. Sanders, Asst. Atty. Gen., State of N.Y., New York City, for defendants.

MEMORANDUM ORDER

LEISURE, District Judge.

This is a prisoner civil rights action brought under 42 U.S.C. § 1983 by Samuel McCullough ("McCullough"). Defendants, various officials at the Greenhaven Correctional Facility in Stormville, New York ("Greenhaven"), now move for summary judgment. For the following reasons, de-

fendants' summary judgment motion is granted and the action is dismissed.

## BACKGROUND

This action arises out of alleged malfeasance by prison officials in responding to McCullough's varicose veins. Alleging that he was denied medical care for his varicose veins, and that this constituted cruel and unusual punishment, McCullough sued Greenhaven Superintendent Scully, Greenhaven Director of Health Services Ali Khuwaja and the Greenhaven Correctional Facility.

The action was referred to Magistrate Judge Barbara A. Lee on November 4, 1988, pursuant to 28 U.S.C. § 636 and Fed. R.Civ.P. 72. Judge Lee initially determined that this was an appropriate case for the appointment of counsel. See Memorandum Order and Opinion, dated January 27, 1989 (Lee, Mag. J.) ("January 27 Order"), 1989 WL 8918. However, this Order was withdrawn after fifteen months, when no counsel had volunteered to represent plaintiff. See Memorandum Order, dated April 24, 1990 (Lee, Mag. J.) ("April 24 Order").

Pending the appointment of counsel, discovery proceeded, and document production apparently was completed. See, e.g., January 27 Order (setting discovery cut-off of May 31, 1989); Memorandum Order, dated Aug. 31, 1989 (Lee, Mag. J.), 1989 WL 101949 (overseeing document production). Defendants subsequently moved for summary judgment, and Judge Lee issued a Report and Recommendation on October 11, 1991 ("October 11 Report"), recommending that defendants' motion be granted and the action dismissed.

Although plaintiff has filed both a response to the summary judgment motion and objections to the October 11 Report, the facts underlying this action are essentially undisputed. Plaintiff's varicose veins condition predates his incarceration at Greenhaven. While incarcerated at Attica Correctional Facility, McCullough was provided with support stockings, a common treatment for varicose veins. In response to further complaints about his varicose veins after his transfer from Attica to Greenhaven in August 1987, McCullough was given additional support stockings, and advised to raise his legs three times daily.

Subsequently, on the recommendation of Dr. Kanwit, a Greenhaven staff physician, McCullough was referred to Dr. Goldman, a surgeon at Vassar Brothers Hospital ("Vassar Hospital"). After an examination and tests were conducted in July 1988, McCullough was scheduled for surgery. Before the date for surgery, however, Dr. Goldman ceased treating Greenhaven patients. Accordingly, Dr. Kanwit solicited the assistance of another Vassar Hospital surgeon, Dr. Juidabl. Dr. Juidabl initially concluded, based on an examination of McCullough on November 8, 1988, that surgery was inappropriate. However, on the suggestion of Dr. Kanwit and after two more examinations in November and December 1988, Dr. Juidabl changed his diagnosis, determining that surgery was necessary.

McCullough was admitted to Vassar Hospital on January 3, 1989 for pre-operative screening before his surgery, which was scheduled to be performed two days later. However, McCullough's electrocardiogram revealed an arrhythmia, and the surgery was cancelled pending cardiological clearance. McCullough was readmitted to Vassar Hospital on February 28, 1989, and the surgery for his varicose veins was performed on or about March 1, 1989.

Plaintiff has responded to these factual allegations with a brief in opposition to defendants' summary judgment motion, dated May 30, 1990, and an unsworn affidavit objecting to Judge Lee's October 11 Report, dated October 18, 1991. However, these documents do not controvert any of defendants' factual allegations. Rather, plaintiff's submissions merely raise unsupported allegations of neglect arising from the delay in surgery. For example, McCullough asserts that his surgery was repeatedly, deliberately cancelled. Further, plaintiff objects to Judge Lee's failure to appoint counsel to represent him. Finally, McCullough raises allegations involving the prison at which he is currently incarcerated, the Auburn Correctional Facility, in-

cluding verbal abuse, confinement in his cell and interference with his attendance at school. However, these allegations do not appear to relate to the defendants in the instant action.

## DISCUSSION

### A. *Summary Judgment Standard*

The analysis for a summary judgment motion begins with Federal Rule of Civil Procedure 56(c), which provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The judge's responsibility when considering such a motion "is not himself to weigh the evidence and determine the truth of the matter but to determine whether there does indeed exist a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *see also R.C. Bigelow, Inc. v. Unilever N.V.*, 867 F.2d 102, 107 (2d Cir.), *cert. denied*, 493 U.S. 815, 110 S.Ct. 64, 107 L.Ed.2d 31 (1989).

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion" and identifying which materials it believes "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once a motion for summary judgment is properly made, the burden shifts to the nonmoving party, which " 'must set forth specific facts showing that there is a genuine issue for trial.' " *Anderson, supra*, 477 U.S. at 250, 106 S.Ct. at 2511 (quoting Fed.R.Civ.P. 56(e)). "There must be more than a 'scintilla of evidence,' and more than 'some metaphysical doubt as to the material facts.' " *Delaware & H. Ry. v. Consolidated Rail Co.*, 902 F.2d 174, 178 (2d Cir.1990) (quoting *Anderson, supra*, 477 U.S. at 252, 106 S.Ct. at 2512, and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)), *cert. denied*, — U.S. —, 111 S.Ct. 2041, 114 L.Ed.2d 125 (1991). The Court also notes that, because McCullough is a *pro se* litigant, his papers and legal arguments must be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972); *LaBounty v. Adler*, 933 F.2d 121, 122 (2d Cir.1991).

### B. *Merits of Defendants' Summary Judgment Motion*

■ In assessing a section 1983 claim which alleges that prison authorities failed to attend to a prisoner's medical needs in violation of the Eighth Amendment protection against cruel and unusual punishment, the Court must determine whether the state has acted in a manner that rises to the level of deliberate indifference. *See Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); *Hendricks v. Coughlin*, 942 F.2d 109, 112–13 (2d Cir.1991). The Second Circuit has held that an administrative delay in scheduling a medical procedure caused by mere negligence does not constitute deliberate indifference, and is not actionable under section 1983. *See Bryant v. Maffucci*, 923 F.2d 979, 983 (2d Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991). Moreover, "there is no right to the medical treatment of one's choice if the prescribed treatment is based on applicable medical standards." *McCloud v. Delaney*, 677 F.Supp. 230, 232 (S.D.N.Y.1988).

■ In the instant case, despite extensive production of documents, plaintiff has not produced any evidence to controvert the facts as alleged by defendants. Thus, the record before the Court indicates that defendant was treated for his varicose veins from the time he was transferred to Greenhaven in August 1987. Although McCullough may not agree that support stockings are the proper treatment for varicose veins, he has provided no evidence to contradict defendant's showing that this was an acceptable medical response to his condition. Moreover, after being provided with support stockings, McCullough was seen by three different doctors, including

two physicians from the private sector, on at least five separate occasions. In fact, a Greenhaven staff physician apparently convinced Dr. Juidabl to see McCullough for a second time, which led to his finding that surgery was necessary.

The Court also notes that there has been no showing that the delay in plaintiff's surgery was the result of malfeasance. For example, there is no evidence that Dr. Goldman's decision to cease treatment of Greenhaven prisoners was caused by the deliberate indifference of Greenhaven or its staff. Further, after Dr. Juidabl determined that surgery was appropriate, the procedure scheduled for January was postponed because of McCullough's heart condition. These delays in treatment reflect neither negligence nor deliberate indifference, and McCullough's action must be dismissed.

## C. *Appointment of Counsel*

The Court next turns to McCullough's objection to the Court's failure to provide him with counsel. In deciding whether counsel should be appointed pursuant to 28 U.S.C. § 1915(d), "a district court exercises substantial 'discretion,' subject to the requirement that it be 'guided by sound legal principle.'" *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 171–72 (2d Cir.1989) (quoting *Jenkins v. Chemical Bank*, 721 F.2d 876, 879 (2d Cir.1983)).

The standard for determining whether counsel should be appointed for an indigent plaintiff under section 1915(d) was addressed by the Second Circuit in *Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1986).

[T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in

that case why appointment of counsel would be more likely to lead to a just determination.

These factors are not exclusive, and need not control the court's decision in every case. *Id.*

In addition, the Second Circuit has recently emphasized that the relative merit of the indigent's claim is the overriding concern in determining whether counsel should be appointed.

[S]ince *Hodge* the volunteer lawyer panels of the district courts are drowning in requests.... [E]very assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause.... These observations underline the importance of our ruling in *Hodge* requiring the indigent seeking a free lawyer to first pass the test of likely merit.

*Cooper, supra,* 877 F.2d at 172–74.

■ In examining an indigent's challenge to the failure to appoint counsel, a court must examine the record that existed when this decision was made, without the benefit of hindsight. *Hodge,* 802 F.2d at 62 (" 'The question of appointment of an attorney is a preliminary inquiry and should not be based upon the evidence adduced at trial.' " (quoting *Jenkins, supra,* 721 F.2d at 880)). Thus, in the instant case, the Court must determine whether counsel should have been appointed based on an examination of the record as it existed when Judge Lee withdrew the January 27 Order, which had initially determined that counsel should be appointed.

■ Turning to the April 24 Order, the Court finds that it was improper for Judge Lee to withdraw her appointment of counsel based solely on the absence of a volunteer to take McCullough's case. As discussed in *Cooper,* appointment of counsel should be determined based on the merits of the indigent's claim and on the other *Hodge* factors. *See, e.g., Holmes v. Keane,* 1992 WL 27123, at *6, 1992 U.S.Dist.LEXIS 1068, at *16–18 (S.D.N.Y. Feb. 4, 1992) (lack of merit); *McDowell v. New York,* 1991 WL 177271, 1991 U.S.Dist.LEXIS 12180, at *3–6 (S.D.N.Y. Sept. 3, 1991) (ab-

sence of novel legal issues); *Odom v. Sielaff,* 1991 WL 177290, at *1-2, 1991 U.S.Dist.LEXIS 12197, at *3-6 (S.D.N.Y. Aug. 30, 1991) (Lee, Mag. J.) (lack of merit and lack of complexity of legal issues); *see also Christensen v. Bristol-Myers Co.,* 1990 WL 6554, at *3, 1990 U.S.Dist.LEXIS 541, at *8 (S.D.N.Y. Jan. 22, 1990) (withdrawing appointment of counsel because plaintiff misrepresented assets). The absence of a volunteer lawyer to represent an indigent client, standing by itself, should not be dispositive of the indigent's application for appointment of counsel.[1]

■ Although the Court disagrees with the stated basis for the April 24 Order, it nevertheless holds that appointment of counsel was not appropriate in the instant case. McCullough's Complaint relied primarily on conclusory allegations concerning alleged denials of medical care. Rather than citing specific occasions upon which care was denied, plaintiff averred generally that his surgery had been cancelled deliberately. *See* Complaint, at A. On this record, Judge Lee determined that appointment of counsel was appropriate, not because "the indigent's position seems likely to be of substance," *Hodge,* 802 F.2d at 61, but rather because the strength of McCullough's claim could not be determined on the face of the pleadings, and was likely to involve issues of credibility. *See* January 27 Report, at 2. However, this result appears to be contrary to Second Circuit teaching, which requires a threshold showing of merit to justify appointment of counsel. *See, e.g., Bates v. Scully,* 1989 U.S.Dist.LEXIS 11268, at *2-3 (S.D.N.Y. Sept. 21, 1989) (Bernikow, Mag. J.) (denying application for appointment of counsel without prejudice with leave to renew upon development of record indicating meritorious claim).

Subsequent to the January 27 Order, discovery proceeded apace. In fact, when the April 24 Order was issued fifteen months later and Judge Lee determined that counsel should not be appointed, a wide range of documents had been produced, which reflected a consistent pattern of treatment for McCullough's varicose veins, including stockings, visits to various physicians and surgery. Thus, by the time the appointment of counsel was withdrawn, Judge Lee had a wealth of evidence before her to support a finding that McCullough's claims were without merit, and that counsel should not have been appointed. Thus, the denial of McCullough's application was supported by substantial evidence, and plaintiff's objection to the failure of the Court to appoint counsel to represent him is rejected.

### CONCLUSION

For the foregoing reasons, defendants' summary judgment motion is granted. McCullough's section 1983 action hereby is dismissed.

SO ORDERED.

---

1. As discussed in *Cooper,* volunteer lawyers will generally become available when an indigent's claim is meritorious. 877 F.2d at 173. Thus, the fact that an attorney has not volunteered to take a case for over fifteen months may be an indication that the claim is lacking in merit, and lead to reexamination of the initial decision to appoint counsel under section 1915(d).