**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 4 2000**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

ARMANDO C. VERA,

     Plaintiff-Appellant,

v.

UTAH DEPARTMENT OF HUMAN
SERVICES; YOUTH CORRECTIONS
DIVISION, Utah Department of
Human Services; WEBER VALLEY
DETENTION, (MOWEDA);
MILLCREEK YOUTH CENTER,

     Defendants-Appellees.

No. 99-4069
(D.C. No. 97-CV-73)
(D. Utah)

ORDER AND JUDGMENT *

Before **BRORBY** , **PORFILIO** , and **LUCERO** , Circuit Judges.

Armando C. Vera, appearing *pro se* , appeals the district court's denial

of his request for appointed counsel and the summary judgment dismissal of his

---

*     The case is unanimously ordered submitted without oral argument
pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and
judgment is not binding precedent, except under the doctrines of law of the case,
res judicata, and collateral estoppel. The court generally disfavors the citation of
orders and judgments; nevertheless, an order and judgment may be cited under the
terms and conditions of 10th Cir. R. 36.3.

employment discrimination and hostile work environment complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. Mr. Vera, who is Hispanic, is employed by the State of Utah's Department of Human Services, Division of Youth Corrections. He has alleged that he was subjected to repeated instances of racial insults and ridicule, that he lost supervisory responsibilities, was denied overtime pay, made to take a racially discriminatory examination in order to keep his job, and given dangerous work assignments because of his national origin, race and color. We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand for further proceedings because the district court did not apply the correct legal standard in ruling on Mr. Vera's request for appointed counsel.

Mr. Vera filed a request for appointed counsel contemporaneous with the filing of his Title VII complaint. The record indicates that he attempted to locate counsel to represent him both before and after filing his complaint. He was briefly represented by counsel after he filed his complaint, but that attorney withdrew at the outset of the discovery process, citing a heavy caseload, and Mr. Vera continued *pro se*. Several months later, in the midst of numerous discovery disputes between the parties, the district court denied Mr. Vera's request for appointed counsel because he had not filed an application to proceed *in forma pauperis* under 28 U.S.C. § 1915, nor had he made any showing that he

was indigent. The district court stated that, other than the provisions in § 1915 authorizing the appointment of counsel for indigent persons, the court was "unaware of any other statutory authority entitling plaintiff to appointed counsel for purposes of pursuing his Title VII" employment discrimination claims. R. Vol. I Doc. 34 at 1. The district court later granted summary judgment in favor of defendants on all of Mr. Vera's claims.

Mr. Vera raises numerous claims of error on appeal, one of which is that the district court erred in refusing to appoint counsel. This claim of error is properly before us now because a district court order denying a party's request for the appointment of counsel in a civil action cannot be appealed until the underlying judgment is final. *See Cotner v. Mason*, 657 F.2d 1390, 1391-92 (10th Cir. 1981) (per curiam).

"A plaintiff asserting an employment discrimination claim has no constitutional or statutory right to appointed counsel." *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992). However, contrary to the district court's ruling in this case, Title VII does, in fact, provide the court with discretionary statutory authority to appoint an attorney for a Title VII complainant upon request "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). Moreover, contrary to the district court's ruling,

"[a] litigant need not be destitute to qualify for appointed counsel under this section." *Castner*, 979 F.2d at 1421-22.

"The discretion granted to the district court [under § 2000e-5(f)(1)] is extremely broad." *Castner*, 979 F.2d at 1420. In light of the broad remedial purpose of Title VII, a court must give "'serious consideration'" to a Title VII plaintiff's request for appointed counsel. *Id*. at 1421 (quoting *Jenkins v. Chemical Bank*, 721 F.2d 876, 879 (2d Cir. 1983)). *Castner* recognized Congress's "special concern with legal representation in Title VII actions," (quotation omitted) and cited to the House Committee Report's explanation for including a provision authorizing the appointment of counsel:

> "By including this provision in the bill, the committee emphasizes that the nature of Title VII actions more often than not pits parties of unequal strength and resources against each other. The complainant, who is usually a member of a disadvantaged class, is opposed by an employer who not infrequently is one of the nations' major producers, and who has at his disposal a vast array of resources and legal talent."

*Id*. (quoting H. R. Rep. No. 238, 92d Cong., 2d Sess., reprinted in 1972 U.S.C.C.A.N. 2137, 2148). Because Congress did not provide any mechanism for paying any appointed counsel, however, *Caster* also cautioned that the "indiscriminate appointment of volunteer counsel to undeserving [discrimination] claims will waste a precious resource and may discourage attorneys from donating their time." *Id*.

-4-

*Castner* identified the four factors courts should consider in making the decision whether to grant a Title VII plaintiff's request for appointed counsel: (1) the plaintiff's financial inability to afford counsel; (2) his diligence in attempting to secure counsel; (3) the merits of his case; and (4) in close cases, the plaintiff's capacity to prepare and present the case without the aid of counsel. *Id*. at 1421. Although "it is the plaintiff who must provide the court with this information, the court should ensure an adequate record by providing 'some guidance to the plaintiff regarding the factors that it may consider . . . and the showing that will be expected of plaintiff.'" *Darden v. Illinois Bell Tel. Co.*, 797 F.2d 497, 501 (7th Cir. 1986) (quoting *Poindexter v. FBI*, 737 F.2d 1173, 1184 (D.C. Cir. 1984)).

In this case, the district court denied Mr. Vera's request for appointed counsel without any reference to § 2000e-5(f)(1) or to the *Castner* factors. Indeed, it failed to even recognize its authority under Title VII to appoint counsel. It erroneously denied counsel solely on the basis of Mr. Vera's failure to file an application to proceed *in forma pauperis* or to establish that he was indigent, when, in fact, neither is required under § 2000e-5(f)(1). Although a plaintiff's financial condition is one of four relevant factors to be considered, the relevant inquiry is not whether the plaintiff is indigent, but whether he is able "to hire counsel and still meet his or her daily expenses." *Castner*, 979 F.2d at 1422.

"Ordinarily, a decision whether or not to appoint counsel in a Title VII action will be reviewed only for an abuse of discretion." *Id*. at 1422-23. "Such a review, however, presupposes the application of a reasoned and well-informed judgment, guided by sound legal principles." *Id*. at 1423. Here, the district court's failure to apply the correct legal standards to Mr. Vera's request for appointment of counsel constituted an abuse of discretion. *See Koon v. United States*, 518 U.S. 81, 100 (1996) ("A district court by definition abuses its discretion when it makes an error of law."); *United States v. Lin Lyn Trading, Ltd.*, 149 F.3d 1112, 1116-17 (10th Cir. 1998) (holding that abuse of discretion is established if the district court's decision is based upon an error of law). In *Castner*, we remanded the case because there was no indication the district court considered the relevant factors under § 2000e-5(f)(1) and the record did not contain sufficient evidence to permit an independent appellate determination. 979 F.2d at 1423. These same considerations dictate a remand in this case.

There is nothing in the record with respect to Mr. Vera's financial condition, nor is there a sufficient record to indicate whether he made a "reasonably diligent effort" to obtain counsel on his own. *Id.* at 1422 (quotation omitted). Mr. Vera does allege that he spent $3,500 attempting to hire counsel and the record indicates that an attorney did assist him very briefly. As to the third factor, an evaluation of the merits of Mr. Vera's claims, we cannot say from

our review of Mr. Vera's complaint, his proposed amended complaint, or the record on appeal that the district court's error in ruling on the counsel request was harmless. *Cf. Brown-Bey v. United States*, 720 F.2d 467, 471 (7th Cir. 1983) (holding that failure to rule on request for appointed counsel before dismissal of action was harmless error because of clear lack of merit in appellant's case).

Under the third *Castner* factor, Mr. Vera need only demonstrate that his claim "has some merit." *Bradshaw v. Zoological Soc'y*, 662 F.2d 1301, 1308 (9th Cir. 1981). The standard for merit in the context of motions for appointment of counsel pursuant to § 2000e-5(f)(1) is lower than the standard in motions for summary judgment. *See, e.g*. *Darden*, 797 F.2d at 501 n.3; *Poindexter*, 737 F.2d at 1186; *Bradshaw*, 662 F.2d at 1308. In this regard, we note that the Utah Anti-Discrimination Division (UADD) substantiated Mr. Vera's claims that he was subjected to racial slurs and ridicule while working at the MOWEDA Youth Home, one of the defendants in this case and an agency operated by the Utah Department of Human Services, and that, despite the UADD's issuance of a cease and desist order, Mr. Vera has alleged that the same type of racial insults and ridicule have continued and are ongoing even after his transfer to Millcreek Youth Center, another facility operated by the Utah Department of Human Services. In assessing the merits of a claim for purposes of § 2000e-5(f)(1), courts should keep in mind that, in certain situations, a litigant's claim might appear to lack

merit only because the party was proceeding *pro se*: if the party had a lawyer, he would have known what facts to enunciate in order to survive summary judgment. *See Darden*, 797 F.2d at 501 n.3 (noting that an unrepresented plaintiff is far less likely to present his claims in their best light).

Finally, with respect to the fourth factor--Mr. Vera's ability to present the case without counsel--the record indicates that the issues Mr. Vera attempted to develop in this case were sufficiently complex that he might have benefitted from the assistance of counsel. Mr. Vera raised numerous claims--indeed, the district court's order was 65 pages long--and the parties waged many long and intense discovery battles, with numerous objections and motions to compel filed by both sides.

In summary, in light of the district court's failure to apply the correct legal standards, and our conclusion that this error was not harmless, the judgment must be reversed and the case remanded to the district court for further proceedings. Because of the possibility that the district court may, after applying the correct legal standards, appoint counsel in this case, we do not express any opinion as to the merits of Mr. Vera's claims, nor do we address any of the remaining issues he raises on appeal.

The judgment is REVERSED, and the case is REMANDED for further proceedings.

Entered for the Court


Carlos F. Lucero
Circuit Judge