**Edward MASSEY, Plaintiff,**

v.

**Charles GREINAL, et. al., Defendant.**

**No. 00CIV3168LMMRLE.**

United States District Court,
S.D. New York.

Sept. 7, 2001.

**MEMORANDUM OPINION
AND ORDER**

ELLIS, United States Magistrate Judge.

## I. INTRODUCTION

In a complaint filed on April 26, 2000, *pro se* incarcerated plaintiff Edward Massey ("Massey"), brought this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights under the Eighth and Fourteenth Amendments at Sing Sing Correctional Facility in August 1998 and February 1999. By application dated January 4, 2001, Massey has requested that counsel be assigned to assist him. In support of the application, Massey indicated that he has poor health, and included letters from several legal services organizations and private firms that declined to represent him. For the reasons which follow, the request is **DENIED.**

## II. DISCUSSION

The Court of Appeals for the Second Circuit has articulated the factors that a court should consider in deciding whether to appoint counsel for an indigent civil litigant under 28 U.S.C. § 1915(d). The court "exercises substantial discretion, subject to the requirement that it be guided by sound legal principle." *Cooper v. A. Sargenti Co.,* 877 F.2d 170, 172 (2d Cir. 1989) (*citing Jenkins v. Chemical Bank,* 721 F.2d 876, 879 (2d Cir.1983)). The court's first inquiry is whether plaintiff can afford to obtain counsel. *See Terminate Control Corp. v. Horowitz,* 28 F.3d 1335, 1341 (2d Cir.1994). If the court finds that a plaintiff cannot afford counsel, it must then examine the merits of the case and determine whether the indigent's position "seems likely to be of substance." *Hodge v. Police Officers,* 802 F.2d 58, 61–62 (2d Cir.1986). Once initial determinations have been made as to indigence and merit, the court has discretion to consider the following factors: (1) the indigent's ability to investigate the crucial facts; (2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (3) the indigent's ability to present the case; (4) the complexity of the legal issues involved; and (5) any special reason in that case why appointment of counsel would be

more likely to lead to a just determination. *See id.* at 61–62.

■ Here, Massey satisfies the threshold requirement of indigence insofar as his *in forma pauperis* status establishes his inability to afford counsel. He, however, fails to meet the second threshold requirement, *see Hodge, supra,* in that his claims are not sufficiently meritorious under Eighth Amendment standards. Massey alleges that defendants unlawfully detained him pursuant to disciplinary charges. He also claims that he was unlawfully double-celled for over five months although he should have been exempt from such placement because he was diagnosed with clinical depression. Massey further alleges that he is being denied proper medical care and medication.

Pursuant to an order by Chief Judge Michael B. Mukasey, plaintiff filed an amended complaint on May 12, 2000, to clarify the incidents and constitutional challenges underlying his original complaint. Even with his amendment, however, Massey fails to articulate how any of the defendants acted with "deliberate indifference to serious medical needs," *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), and thus violated the Eighth Amendment. Additionally, in assessing the *Hodge* factors, the Court notes that Massey has not demonstrated any difficulties in investigating or presenting his case. Massey has failed to show that counsel is necessary in this action. Plaintiff's motion is, therefore, DENIED without prejudice.