Michelle Vierra FOGGIE, o/b/o Chelsea GERONIMO Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY, Defendant.

No. 02CIV.4530(BSJ)(RLE).

United States District Court,
S.D. New York.

Feb. 3, 2003.

Michelle Vierra Foggie, New York City, Pro se.

## OPINION & ORDER

ELLIS, United States Magistrate Judge.

### I. INTRODUCTION

On May 22, 2002, *pro se* plaintiff Michelle Vierra Foggie ("Foggie") submitted the complaint to the Pro Se Office in this district, and on June 14, 2002, it was filed with the Clerk of the Court. Foggie alleges that the Commissioner of Social Security erred in denying her claim for Supplemental Security Income benefits. She seeks a review of the decision of the administrative law judge pursuant to section 205(g) and/or section 1631(c)(3) of the Social Security Act, as amended, 42 U.S.C. § 405(g) and § 1383(c)(3). On October 28, 2002, defendant filed a motion to dismiss the complaint, alleging that Foggie's claim is barred by the time limit set in 42 U.S.C. § 405(g) which requires an action to be commenced within sixty days of the Commissioner's final decision. On November 23, 2002, Foggie filed an application for the Court to request counsel. For the reasons which follow, Foggie's request for the appointment of counsel is **DENIED.**

## II. FOGGIE'S ALLEGATIONS

Foggie has brought suit on behalf of Chelsea Geronimo whom she claims has been disabled with chronic asthma since December 1996. Complaint at ¶ 4–5. Plaintiff claims that she is entitled to receive Supplemental Security Income benefits because of her disability. The Social Security Administration's Bureau of Disability Insurance disallowed plaintiff's application on the ground that her impairment was not sufficiently severe to establish a period of disability. *Id.* at ¶ 6. Plaintiff subsequently received a hearing on February 9, 2001, and on November 9, 2001, an administrative law judge rendered a decision denying her claim. *Id.* at ¶ 7. The denial was affirmed by the Appeals Council on March 22, 2002, thus rendering the decision final and subject to judicial review pursuant to 42 U.S.C. § 405(g) and/or § 1383(c)(3). *Id.* at ¶ 8.

## III. DISCUSSION

■ Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel. However, under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." The Court of Appeals for the Second Circuit has articulated the factors that a court should consider in deciding whether to appoint counsel for an indigent civil litigant. The court "exercises substantial discretion, subject to the requirement that it be guided by sound legal principle." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989) (*citing Jenkins v. Chemical Bank*, 721 F.2d 876, 879 (2d Cir.1983)).

■ The court's first inquiry is whether plaintiff can afford to obtain counsel. *See Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir.1994). If the court finds that a plaintiff cannot af-

ford counsel, it must then examine the merits of the case and determine whether the indigent's position "seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir.1986). After the two threshold determinations have been made as to indigence and merit, the court has discretion to consider the following factors: (1) the indigent's ability to investigate the crucial facts; (2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (3) the indigent's ability to present the case; (4) the complexity of the legal issues involved; and (5) any special reason in that case why appointment of counsel would be more likely to lead to a just determination. *Id.* at 61–62.

■ Foggie satisfies the threshold requirement of indigence insofar as her request to proceed *in forma pauperis* was granted on June 14, 2002. She has shown the ability to properly file a complaint including the relevant facts of her case. Furthermore, this case does not present novel or overly complex legal issues. Foggie has not given a clear indication that she is unable to provide opposition to the defendant's motion to dismiss or that she lacks the ability to present her case.

After careful review of Foggie's application in light of the aforementioned principles, the Court finds that appointment of counsel is not warranted in this case. Accordingly, the motion is **DENIED**.