Richard CASTRO, Plaintiff,

v.

**MANHATTAN EAST SUITE HOTEL, Defendant.**

No. 01 Civ. 7912(LTS)(RLE).

United States District Court, S.D. New York.

Aug. 28, 2003.

## OPINION & ORDER

ELLIS, United States Magistrate Judge.

### I. INTRODUCTION

On August 23, 2001, *pro se* plaintiff, Richard Castro ("Castro"), filed a complaint against defendant Manhattan East Suite Hotel alleging violations of his rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq.* On January 15, 2002, Castro filed an application requesting counsel. For the reasons which follow, Castro's request for the appointment of counsel is **DENIED.**

### II. CASTRO'S ALLEGATIONS

In January 2000, Castro filed a claim of race discrimination with the Equal Employment Opportunity Commission ("EEOC") against his former employer, Manhattan East Suite Hotel. *See* Complaint ("Compl.") at ¶ 8. Castro alleges that he subsequently applied for a position with the Federal Bureau of Investigation ("FBI"). *Id.* He further alleges that his former employer provided false information about him to an FBI investigator, in retaliation for the EEOC claim. *Id.* Castro contends that the hotel's retaliatory acts cost him a position as an FBI officer. *Id.*

### III. DISCUSSION

■ Civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel. However, under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." The Court of Appeals for the Second Circuit has articulated the factors that a court should consider in deciding whether to appoint counsel for an indigent civil litigant. A court "exercises substantial discretion, subject to the requirement that it be guided by sound legal principle." *Cooper v. A. Sargenti Co.,* 877 F.2d 170, 172 (2d Cir. 1989) (*citing Jenkins v. Chemical Bank,* 721 F.2d 876, 879 (2d Cir.1983)).

■ The Court's first inquiry is whether plaintiff can afford to obtain counsel. *See Terminate Control Corp. v. Horo-*

**358**

*witz,* 28 F.3d 1335, 1341 (2d Cir.1994). If the court finds that a plaintiff cannot afford counsel, it must then examine the merits of the case and determine whether the indigent's position "seems likely to be of substance." *Hodge v. Police Officers,* 802 F.2d 58, 61–62 (2d Cir.1986). After the two threshold determinations have been made as to indigence and merit, the court has discretion to consider the following factors: (1) the indigent's ability to investigate the crucial facts; (2) whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (3) the indigent's ability to present the case; (4) the complexity of the legal issues involved; and (5) any special reason in that case why appointment of counsel would be more likely to lead to a just determination. *Id.* at 61–62.

Here, Castro's request to proceed *in forma pauperis* was granted on August 23, 2001, and therefore, he satisfies the threshold requirement of indigence. Castro's allegations have merit insofar as they have survived a motion to dismiss. However, the case does not present novel or overly complex legal issues, and there is no indication that Castro lacks the ability to present his case. After careful review of Castro's application in light of the aforementioned principles, the Court finds that appointment of counsel is not warranted at this time. The motion is **DENIED** without prejudice.