10-1764-pr
Peralta v. Vasquez

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of December, two thousand ten.

PRESENT:
        RALPH K. WINTER,
        GUIDO CALABRESI,
        ROBERT A. KATZMANN,
                *Circuit Judges*.

_____

Jose Peralta,

                *Plaintiff-Appellant*,

                v.                                          10-1764-pr

Commissioner Glenn S. Goord, Superintendent Wayne Strack, Fishkill Correctional Facility, ADSP R. Jones, Assistant Deputy Superintendent of Program Services, Anita R. Florio, Judge of the Appellate Division, Second Department, Guy James Mangano, Judge of the Appellate Division, Second Department, Martin H. Brownstein, Former Court Clerk, James Pelzer, Court Clerk of Appellate Divison, Second Department,

                *Defendants*,

Sandra Vasquez, Correction Counselor, Robert A. Jones, Assistant Deputy Superintendent of Program Services, Donald Selsky, Director,

Special Housing/Inmate Disciplinary Programs,

*Defendants-Appellee*s.

_____

FOR APPELLANT:          Jose Peralta, *pro se*, Attica, N.Y.

FOR APPELLEES:          Andrew Cuomo, Attorney General of the State of New York; Barbara D. Underwood, Solicitor General; Michael S. Belohlavek, Senior Counsel; Carol Fischer, Assistant Solicitor General (*on the brief*), New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Jones, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant Jose Peralta, *pro se* and incarcerated, appeals the judgment of the district court granting the Defendants' motion for summary judgment and dismissing his 42 U.S.C. § 1983 complaint, which alleged that the Defendants violated his due process rights during a prison disciplinary hearing. Peralta also challenges the district court's denial of his motion to appoint counsel. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003); *Republic Nat'l Bank v. Delta Airlines*, 263 F.3d 42, 46 (2d Cir. 2001); *Allstate Ins. Co. v. Mazzola*, 175 F.3d 255, 258 (2d Cir. 1999). In determining whether there are genuine issues of material fact, we are "required to resolve all ambiguities and draw all

permissible factual inferences in favor of the party against whom summary judgment is sought." *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotations omitted).

We conclude that the district court, after an exhaustive review of the record, properly granted the Defendants' motion for summary judgment, and thus affirm the district court's judgment for substantially the same reasons as set forth in that court's well-reasoned and thorough order. Peralta's arguments challenging that judgment are without merit. In addition, we conclude that the lower court did not err by denying Peralta's motion to appoint counsel, since Peralta vigorously argued his case in the proceedings below, and we cannot say that the lower court abused its discretion in finding that his arguments were not likely of substance. *See Jenkins v. Chemical Bank*, 721 F.2d 876, 879 (2d Cir. 1983) ("[A] district court's decision whether to appoint a lawyer is subject to review only for an abuse of discretion."); *see also Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989) (in deciding whether to appoint counsel, a district court "should first determine whether the indigent's position was likely to be of substance"). We have considered all of Peralta's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3