08-6048-pr
Johnston v. Maha

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2008

Submitted: September 9, 2009      Decided: May 21, 2010

_____

Docket No. 08-6048-pr

_____

DAVID JOHNSTON,

<u>Plaintiff-Appellant</u>,

-v-

GENESSEE COUNTY SHERIFF MAHA, SUPERINTENDENT RONALD GREER, SENIOR
CO ZIPFEL, CORRECTION OFFICER WOLFF, CORRECTION OFFICER KOMETZ,
DEPUTY ZEHLER, SENIOR CO KUPLO, SENIOR CO CAWKINS, CORRECTION
OFFICER LINDSAY, GENESEE COUNTY, GENESEE COUNTY JAIL, CORRECTION
OFFICER CONWAY, CORRECTION OFFICER RIDDER, CORRECTION OFFICER SMITH,
NURSE TERESE BRYAN, CORRECTION OFFICER HOY, TRANSPORTATION OFFICER
JOHN DOE, GENESEE COUNTY JAIL DOCTOR JOHN DOE 2, UNITED METHODIST
HOSPITAL DOCTOR JANE DOE, UNITED MEMORIAL HOSPITAL NURSE JANE DOE,
JANE-JOHN DOE ONE-FIFTEEN, UNITED MEMORIAL HOSPITAL,

<u>Defendants-Cross-Claimants-Cross-Defendants-Appellees</u>.

_____

Before JACOBS, <u>Chief</u> Judge, POOLER, and PARKER, <u>Circuit</u> <u>Judges</u>.

Plaintiff-appellant David Johnston ("Johnston"), <u>pro</u> <u>se</u>, moves for appointment of counsel in his

appeal of the final judgment of the United States District Court for the Western District of New York, granting defendants' motion for summary judgment. Johnston's claims meet the threshold standard of likely merit and present issues of substantial complexity such that appointment of counsel would be of significant benefit to this Court. See Cooper v. A. Sargenti, Co., Inc., 877 F.2d 170, 173-75 (2d Cir. 1989); Hodge v. Police Officers, 802 F.2d 58, 60-63 (2d Cir. 1986). Johnston's application for appointment of counsel is therefore **GRANTED** so that the district court can ascertain whether he was in fact a pretrial detainee at the time of his detention.

_____

DAVID JOHNSTON, pro se, Plaintiff-Appellant.

SHAWN P. MARTIN, Hurtz & Fine, P.C., Buffalo, NY for Defendants-Appellees.

_____

POOLER, Circuit Judge:

David Johnston ("Johnston") plaintiff-appellant, pro se, moves for the appointment of counsel in his appeal from the judgment of the United States District Court for the Western District of New York (Larimer, J.), dismissing the action. We conclude that appointment of counsel is appropriate with respect to Johnston's claim that he was placed in solitary confinement, with excessive force, as a pretrial detainee. We appoint counsel initially to brief this panel as to whether Johnston was in fact a pre-trial detainee at the time of his detention. If we rule that there is no sufficient evidence to that effect, the appointment of counsel will terminate.

# I. BACKGROUND

Johnston initiated this pro se action by filing a complaint under 42 U.S.C. § 1983 against

Genesee County Sheriff Gary Maha, and more than two dozen named and unnamed officials and employees of the Genesee County Jail (the "Jail"), Genesee Memorial Hospital, as well as the Jail and Genesee County. Johnston's complaint contained fourteen distinct claims. Johnston alleged 1) he had been placed in "punitive isolation" in March 2005; 2) defendants violated his Eighth Amendment rights when he was placed in solitary confinement with excessive force; 3) he was assaulted in July 2005 by two correctional officers; 4) he slipped and fell on a wet floor in December 2004; 5) defendants violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 (2006) et seq., when defendants ignored the consequences of the slip and fall; 6) he was denied dental care in March 2005; 7) the Jail denied him proper recreation and outdoor clothing and subjected him to excessive strip searches; 8) the law library was inadequate; 9) he was denied access to grievance procedures; 10) the sheriff and the Jail failed to supervise certain personnel; 11) his rights to medical privacy were violated; 12) defendants retaliated against him for filing a grievance by placing him in isolation; 13) the Jail had inadequate recreation facilities; and 14) the Jail was negligent in maintaining dangerous conditions.

In November 2008, the district court granted defendants' motion for summary judgment. The Court found that all but three of Johnston's claims should be dismissed, because he did not exhaust them through the relevant administrative procedures, as required by the Prison Litigation Reform Act ("PLRA), 42 U.S.C. § 1997(e)(a). While Johnston claimed that the Jail had interfered with his ability to file such grievances, the Court found this contention to be unsubstantiated. The Court concluded that Johnston had exhausted his claim that he had been placed in punitive isolation in March 2005, his slip and fall claim, and his dental claim. Turning

3

to the substance of these claims, however, the district court found that each was nonetheless meritless. Having already dismissed the rest of Johnston's claims for lack of exhaustion, it evaluated each such claim and found that none would withstand summary judgement. The district court consequently granted summary judgment for defendants.

Johnston now appeals from the decision of the district court and moves this Court to appoint counsel pursuant to 28 U.S.C. § 1915.

## II. DISCUSSION

This Court considers motions for appointment of counsel by asking first whether the claimant has met "a threshold showing of some likelihood of merit." Cooper v. A. Sargenti Co., 877 F.2d 170, 174 (2d Cir. 1989); Hodge v. Police Officers, 802 F.2d 58, 59 (2d Cir. 1986). In addition, the Court must deny a motion to appoint counsel if it finds that the appeal is frivolous, 28 U.S.C. 1915 § (e)(2), that is, when it "lacks an arguable basis in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

We agree that the district court appropriately dismissed all but three of Johnston's claims for failure to exhaust pursuant to the PLRA. 42 U.S.C. § 1997(e)(a) (2006). Of the three remaining claims, we also agree with the district court that Johnston's claims that he failed to receive appropriate dental or medical care are unsubstantiated in the record and that Johnston failed to raise a genuine issue of material fact with respect to either. We find that only Johnston's claim that he was placed in solitary confinement and subjected to excessive force in March 2005 has merit sufficient to warrant appointment of counsel.

Although Johnston does not explicitly allege it, it appears from the complaint that he may

4

have been a pretrial detainee at the time that he was placed in solitary confinement, because it is alleged to have occurred in the context of his arrival at the Jail. Johnston's claim that he was subjected to excessive force as a pretrial detainee would arise under the Fifth Amendment, and not the Eighth Amendment as the district court had found, because as a pretrial detainee he cannot be punished at all. See Iqbal v. 490 F.3d 143, 168 (2d Cir. 2007), rev'd on other grounds, Ashcroft v. Iqbal, 128 S.Ct. 1937 (2008). We therefore proceed by analyzing Johnston's claims under the due process clause of the Fifth Amendment. See Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995) ("The complaint of a pro se litigant is to be liberally construed in his favor.")

This Circuit has found that procedural due process requires that pretrial detainees can only be subjected to segregation or other heightened restraints if a pre-deprivation hearing is held to determine whether any rule has been violated. See Benjamin v. Fraser, 264 F.3d 175, 189-90 (2d Cir. 2001); Iqbal, 490 F.3d at 162-63. There is no evidence in the record that Johnston violated any rule, or that he was provided with a pre-deprivation hearing. While we acknowledge that the deprivations that occurred in cases where we have previously found a due process or an Eighth Amendment violation have been in some cases more severe, we do not find the difference to be so significant or so clear, especially given the state of the record, that the plaintiff should not be afforded the benefit of counsel. See Benjamin, 264 F.3d at 181-82; Iqbal, 490 F.3d at 162-63. We therefore find that Johnston's excessive force and pretrial detention claims satisfy the threshold requirement of likely merit.

The other prudential factors we have considered when deciding whether to appoint counsel also weigh in favor of granting the motion. In Hodge, we observed that once the threshold showing has been met, other considerations should carry weight:

5

> [T]he court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented . . . , the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

802 F.2d at 61-62; see Ferrelli v. River Manor Health Care Center, 323 F.3d 196, 203 (2d Cir. 2003) (applying the Hodge factors); Hendricks v. Coughlin, 114 F.3d 390, 3992 (2d Cir. 1997) (same). Furthermore, we emphasized in Hodge that "counsel will certainly be in a far better position to assist the litigant and the court than will the judge who chooses to struggle with an unlearned and sometimes barely literate prisoner." 802 F.2d at 60.

While we recognize that "[v]olunteer lawyer time is a precious commodity," Cooper, 877 F.2d at 172, we believe that appointment of counsel will be of substantial assistance to this Court as it considers Johnston's claims. The legal issues raised in this appeal are fairly complex, especially with respect to whether or not Johnston's pretrial detention was substantial enough to give rise to a constitutional violation of his procedural due process rights. See Benjamin, 264 F.3d at 181-82.

It is plainly helpful to us at oral argument to have effective briefing of a plaintiff's central claims, particularly when those claims go to the heart of issues that may not be straightforwardly resolved by our prior precedents. The legal issues raised here, along with the difficulties that this Court faces in many pro se matters, support our conclusion that appointment of counsel is warranted. Hodge, 802 F.2d at 61.

We appoint counsel, however, only to ascertain whether, and on the condition, that Johnston was in fact a pretrial detainee at the time of his detention. If this Court finds that

Johnston was not a pretrial detainee at the time his detention, because we do not find that any of other Johnston's claims meet the threshold standard of likely merit, the appointment of counsel should be discontinued.

## III. CONCLUSION

For the foregoing reasons, Johnston's petition for appointment of counsel is therefore **GRANTED** with the conditions set forth above.