11-4249-cv
*Parks v. Smith*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of December, two thousand and twelve.

PRESENT:

> JOSÉ A. CABRANES,
> REENA RAGGI,
> > *Circuit Judges*,
> JED S. RAKOFF,
> > *District Judge.**

---

JOSEPH PARKS,

> *Plaintiff-Appellant*,

v.                                                    No. 11-4249-cv

JOSEPH T. SMITH, Superintendent, Shawangunk Correctional
Facility, John Maly, Deputy Supt. of Security, Shawangunk
Correctional Facility, G. Gardner, Lieutenant, Shawangunk
Correctional Facility, K. Skwera, Prison Guard, Shawangunk
Correctional Facility, J. Krom, Inmate Grievance Supervisor,
Shawangunk Correctional Facility, Thomas G. Eagen,
Former Inmate Grievance Director, Louis Franco, Deputy

---

\* The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

Superintendent of Programs, Otisville Correctional Facility,

*Defendants-Appellees*,

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Joseph Parks, *pro se*, Wallkill, N.Y. |
| **FOR DEFENDANTS-APPELLEES:** | Martin A. Hotvet, Assistant Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, N.Y. (Barbara D. Underwood, Solicitor General, Andrew D. Bing, Deputy Solicitor General, *on the brief*). |

Appeal from a September 12, 2011 judgment of the United States District Court for the Northern District of New York (Thomas McAvoy, *Judge*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Joseph Parks ("Parks"), *pro se*, initiated this action by filing a complaint pursuant to 42 U.S.C. § 1983, alleging eight causes of action for violations of constitutional and statutory rights while imprisoned at Shawangunk Correctional Facility in 2007. Parks now appeals from the District Court's judgment dismissing his complaint following motions for judgment on the pleadings and summary judgment by defendants-appellees ("defendants"). The sole issue Parks raises on appeal is whether the District Court abused its discretion in denying his three motions for appointment of counsel. We assume the parties' familiarity with the underlying facts and the procedural history of the case, to which we refer only as necessary to explain our decision to affirm.

2

We review a district court's decision whether to appoint counsel for abuse of discretion. *See Carpenter v. Republic of Chile*, 610 F.3d 776, 780 (2d Cir. 2010). Although there is no constitutional right to appointment of counsel for litigants in civil cases, *see Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172-74 (2d Cir. 1989), federal courts may "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In considering a motion to appoint counsel, a district court "should first determine whether the indigent's position [is] likely to be of substance." *Cooper*, 877 F.2d at 172 (internal quotation marks omitted); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010). If a plaintiff satisfies this threshold requirement, courts consider secondary factors, including the "plaintiff's ability to obtain representation independently, and his ability to handle the case without assistance in . . . light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; *see also Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203-04 (2d Cir. 2003). We do not require that "all, or indeed any, of the factors . . . be controlling in a particular case" as "[e]ach case must be decided on its own facts." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986).

The District Court did not abuse its discretion in determining that, even if Parks met the threshold requirement, secondary factors weighed against the appointment of counsel, since the issues presented in Parks' action were not overly complex and Parks was able to effectively litigate his case without counsel, as when he succeeded in partially defeating defendants' motion for judgment on the pleadings. Parks also argues on appeal that appointed counsel would have sought,

3

*inter alia*, five years worth of misbehavior reports and all grievances alleging religious and racial discrimination. This contention is unavailing, however, as there is no indication that the District Court would have permitted such a broad discovery request absent any evidence that Parks' own misbehavior report was based on religious or racial discrimination. *See In re Dana Corp.*, 574 F.3d 129, 148-149 (2d Cir. 2009) ("A court plainly has discretion to reject a request for discovery . . . if the request is based only on speculation as to what potentially could be discovered." (internal quotation marks omitted)).

## CONCLUSION

We have considered all of Parks' arguments on appeal and find them to be without merit. Accordingly, the September 12, 2011 judgment is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4