11-1475-pr
Allah v. Artuz

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of December, two thousand twelve.

PRESENT: DENNY CHIN,
CHRISTOPHER F. DRONEY,
<u>Circuit Judges</u>,
JOHN GLEESON,
<u>District Judge</u>.[*]

- - - - - - - - - - - - - - - - - - - - - -x

TYHEEM ALLAH, AKA TYHEEM KEESH,
<u>Plaintiff-Appellant</u>,

-v.- 11-1475-pr

D. MICHAEL, Lieutenant, T. BEZIO, Prison Guard, CZYZ, Lieutenant, T. QUACKENBUSH, Lieutenant, GAIL DOUGHERTY, Tier Assistant, Counselor, THOMAS A. COUGHLIN, III, former Commissioner, GLEN S. GOORD, Commissioner, WALSH, Captain, DONALD, Director of Special Housing Unit, New York State Department of Correction, JOSE PICO, Administrative Hearing Officer,
<u>Defendants</u>,

-v.-

CHRISTOPHER ARTUZ, Superintendent, JOHN/JANE DOES, Physicians and/or

---

[*] The Honorable John Gleeson, of the United States District Court for the Eastern District of New York, sitting by designation.

Physician Assistants, JOSEPH T. SMITH,
Superintendent,
                     Defendants-Appellees.**

- - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        Tyheem Allah, AKA Tyheem Y. Keesh,
                                pro se, Ossining, New York.

FOR DEFENDANTS-APPELLEES:       Barbara D. Underwood, Solicitor
                                General, Steven C. Wu, Special
                                Counsel to the Solicitor General,
                                Claude S. Platton, Assistant
                                Solicitor General, for Eric T.
                                Schneiderman, Attorney General of
                                the State of New York, New York,
                                New York.

Appeal from the United States District Court for the Southern District of New York (Hellerstein, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the memorandum and order and orders of the district court are **AFFIRMED**.

Plaintiff-appellant Tyheem Allah, AKA Tyheem Keesh ("Keesh"), appeals from the district court's "final judgment entered in this action on April 18, 2011." No judgment, however, was ever entered below. We assume Keesh is appealing from the district court's memorandum and order entered August 6, 2008 granting defendants-appellees' summary judgment motion in part, its order entered November 9, 2010 denying appointment of counsel in forma pauperis, and its order entered April 18, 2011 granting summary judgment dismissing the remaining claim in the case.[1]

---

** The Clerk of Court is directed to amend the official caption to conform with the above.

[1] A final judgment is deemed entered 150 days after the district court's entry of its order granting summary judgment,

-2-

On appeal, Keesh principally challenges the district court's rulings (1) dismissing his § 1983 claim based on deliberate indifference to his medical needs in violation of his rights under the Eighth and Fourteenth Amendments, (2) dismissing his retaliation claim, and (3) denying his request for appointment of counsel in forma pauperis. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo the district court's grant of summary judgment, viewing the evidence and drawing all inferences in favor of the non-moving party. See Ruggiero v. Cnty. of Orange, 467 F.3d 170, 173 (2d Cir. 2006). We review a district court's denial of appointment of counsel for abuse of discretion. See Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986).

## 1. Deliberate Indifference

To demonstrate deliberate indifference by prison officials for purposes of 42 U.S.C. § 1983, Keesh was required to satisfy a two-prong test. The objective prong requires that the prison officials actually deprived Keesh of adequate medical care and the deprivation was sufficiently serious. See Salahuddin v. Goord, 467 F.3d 263, 279-80 (2d Cir. 2006). The subjective prong requires that the prison officials were aware of a substantial

---

see Fed. R. Civ. P. 58(c)(2)(B), and in light of Rule 3(c)(1)(B) of the Federal Rules of Appellate Procedure and this Court's liberal construction of pro se filings generally, we address Keesh's arguments pertaining to the above-mentioned orders of the district court. The defendants-appellees do not argue that we lack appellate jurisdiction.

risk of serious harm but ignored the risk.  Johnson v. Wright, 412 F.3d 398, 403 (2d Cir. 2005).

We affirm the district court's dismissal of Keesh's deliberate indifference claim, as Keesh failed to satisfy the objective prong of the test.  Keesh did not present evidence from which a reasonable jury could have found a serious deprivation of adequate medical care as to the pins in his feet.  In 1995, Dr. DeWire examined Keesh and concluded that the pain complained of is "not in [the] area of [the] pins" and that there was "no need to remove [the] pins."  In 2004, Dr. Forte examined Keesh and found "no medical need" for an orthopedic consultation regarding the removal of pins from his feet.  In 2010, Dr. Chung Lee concluded that there was "no basis for removing" the pins from Keesh's feet, that "surgery to remove the pins would be unnecessary and would cause him additional pain[,]" and that Keesh "has received standard medical care in connection with his feet."  Keesh did not present admissible evidence to contradict these medical opinions.

Nor did Keesh show the existence of a genuine issue of fact as to whether he suffered a serious deprivation of mental health treatment, as he was offered professional mental health treatment but refused because "he did not trust the white mental health staffs provided."  "So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998).

-4-

## 2.   Retaliation

To sustain a retaliation claim, Keesh was required to show "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action."  Gill v. Pidlypchak, 389 F.3d 379, 380 (2d Cir. 2004) (citations and internal quotation marks omitted).

Even assuming the first two elements were satisfied, Keesh did not demonstrate a triable issue of fact as to a causal connection between his filing of grievances against the prison officials and adverse actions taken against him, i.e., being sent to a special housing unit ("SHU") for 180 days, and being transferred away from Green Haven Correctional Facility without receiving surgery to remove the pins from his feet.

Keesh was placed in SHU based on a 1994 misbehavior report citing him for exposing his private parts while in his cell, and Keesh presented no evidence to suggest a retaliatory motive behind the decision to place him in SHU.  Keesh was subsequently transferred away from Green Haven pursuant to the New York State Department of Corrections and Community Supervision policy and procedure for "Staff Separation reasons," apparently to separate him from corrections officer Bezio.  Artuz did not make the decision to transfer Keesh, and attested that he was not even aware of a complaint by Keesh against him.  Thus, the district court properly granted summary judgment in this regard.

-5-

### 3.    Appointment of Counsel

Keesh argues that the district court abused its discretion in denying him appointment of counsel, and that, consequently, he was unable to conduct adequate discovery to support his claims and to identify the Doe defendants.  The district court denied Keesh's application because it was unable to determine whether his claim was "likely to be of substance." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989).  The district court's denial was without prejudice, however, to Keesh's renewing his application.  Keesh did not renew his request.  Moreover, Keesh was appointed pro bono counsel and was represented by counsel during discovery, for the filing of his amended complaint, and in opposing the defendants' first motion for summary judgment, which was made after more than two years of discovery.  We conclude that the district court did not abuse its discretion in denying Keesh's application for appointment of counsel after his counsel withdrew.

We have considered all of Keesh's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the memorandum and order and orders of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

-6-