12-4558-pr
United States v. Medina

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of February, two thousand fourteen.

PRESENT:
> **PIERRE N. LEVAL,**
> **GUIDO CALABRESI ,**
> **GERARD E. LYNCH,**
> *Circuit Judges.*

_____

Anthony Medina et al.,


*Appellant*,


    v.

12-4558-pr(L)
13-0131-pr(CON)

David F. Napoli et al.,

*Appellees.*


_____

| | |
|---|---|
| **FOR APPELLANT:** | Robin C. Smith, Law Office of Robin C. Smith, Esq., PC, San Rafael, CA. |
| **FOR APPELLEES:** | Martin A. Hotvet, Assistant Solicitor General (Eric T. Schneiderman, Attorney General, Barbara D. Underwood, Solicitor General, Denise A. Hartman, Assistant Solicitor General, on the brief) Albany, NY. |

1

Appeal from a judgment of the United States District Court for the Western District of New York (John T. Curtin, *Judge*; H. Kenneth Schroeder, Jr., *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **VACATED,** and the case is **REMANDED** for further proceedings.

Anthony Medina appeals from the dismissal of his lawsuit against certain prison officials at Southport Correctional Facility. As appellees concede, the district court granted summary judgment in their favor before Medina, then *pro se*, had an opportunity to respond to their motion. Medina asserts, and appellees do not contest, that the judgment should be vacated and the case remanded, because the district court should have given him such an opportunity before deciding to dismiss the case. Medina, in turn, accedes to appellees' contention that the remand should be limited, agreeing in his reply brief that "upon remand, he will only pursue his claims that he was deprived of food maliciously, or in retaliation for having filed grievances and this action." We agree that the judgment should be vacated, and accordingly remand the case as requested by the parties.

Medina also contends that the magistrate judge erred in denying his motions to appoint counsel. "Broad discretion lies with the district judge in deciding whether to appoint counsel . . . ." Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986). "A court must exercise its discretion in accordance with sound legal principles, and its decision is subject to review for abuse of that discretion." Id. The magistrate judge concluded that Medina had successfully presented cogent legal arguments without the assistance of counsel, and that, consequently, he was sufficiently able to prosecute his case pro se that the appointment of counsel would be unwarranted. We

2

need not decide whether the court's reasoning fell outside the range of permissible decisions under the circumstances as they existed when its rulings were made. See Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) (district courts should weigh several factors, including, among other things, "the indigent's ability to present the case"). The case must be remanded in any event, and since the prior rulings were without prejudice, Medina is free to renew his motion on remand. The circumstances have apparently changed since the prior denials of counsel, and counsel for both sides stated at oral argument that, in light of Medina's continuing struggles with psychiatric issues, the further deterioration of his vision to the point of blindness, and the apparent present unavailability or ineffectiveness of certain accommodations previously made to assist him in reviewing materials and presenting his case, the appointment of counsel is now appropriate. We agree. We note with gratitude that the efforts of pro bono counsel have been of great assistance to us in connection with the appeal.

Finally, we deny Medina's request, somewhat conclusorily made, that we direct that the case be reassigned to a different district judge. That the district court erred in acting precipitately on the motion for summary judgment does not, under the circumstances in which Medina had made a number of submissions that perhaps were mistaken for responses on the merits, suggest the reality or appearance of bias on the part of the district court. See United States v. Robin, 553 F. 2d 8, 10 (2d Cir. 1977) (en banc) (explaining that reassignment warranted only upon "proof of personal bias requiring recusation" or in the "unusual circumstances" where it "minimizes even a suspicion of partiality"). In support of his argument for reassignment, Medina further argues that the reassignment of the case from the magistrate judge to the district judge did not conform to the requirements of 28 U.S.C. § 636(c)(4). Even if we agreed, it would not follow that the case should be reassigned to a different district judge. As Medina has not

shown that he sought a ruling on the § 636(c)(4) issue in the district court, we express no view

on the merits of that issue.

Accordingly, for the reasons set forth above, the judgment of the district court is

VACATED, and the case is REMANDED for further proceedings.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


4