*Vega v. Rell*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of May, two thousand fifteen.

PRESENT:
JOHN M. WALKER, JR.,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

_____

Joe Burgos Vega,

        *Plaintiff-Appellant*,

      v.                              **14-137**

M. Jodi Rell, I/O, et al.,

        *Defendants-Appellees*,

Steven R. Strom, I/O, et al.,

        *Defendants*.

_____

FOR PLAINTIFF-APPELLANT:      Joe Burgos Vega, pro se, Cheshire, CT.

**FOR DEFENDANTS-APPELLEES:** Steven R. Strom, Assistant Attorney General of the State of Connecticut, Hartford, CT, *for* George Jepsen, Attorney General of the State of Connecticut, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *J.*).[1]

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED** in part, and that the appeal be **DISMISSED** in part, without prejudice to reinstatement.

Appellant Joe Burgos Vega, proceeding pro se, argues that the district court erred in denying his motions for appointment of counsel, dismissing some of his claims sua sponte pursuant to 28 U.S.C. § 1915A, granting partial summary judgment to defendants, and granting judgment as a matter of law to the defendants as to his remaining claims. We assume the parties' familiarity with the underlying facts and procedural history of the case.

## I. Denial of Motions for Appointment of Counsel

We review a district court's decision whether to appoint counsel for abuse of discretion. *See Carpenter v. Republic of Chile*, 610 F.3d 776, 780 (2d Cir. 2010). When deciding whether to appoint counsel, the district court "should first determine whether the indigent's position seems likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). Once this

---

[1] The district court did not file a separate judgment in this matter. If a required separate judgment is not entered, however, it is deemed to have been entered 150 days after entry of the dispositive order. Fed. R. Civ. P. 58(c)(2)(B); Fed. R. App. P. 4(a)(7)(A)(ii). Vega filed his notice of appeal on January 15, 2014—before 150 days had expired following the court's order. As "[a] notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry," Fed. R. App. P. 4(a)(2), the appeal here was timely. "Where an order appealed from clearly represents a final decision and the appellees do not object to the taking of an appeal, the separate document rule is deemed to have been waived and the assumption of appellate jurisdiction is proper." *Selletti v. Carey*, 173 F.3d 104, 109-10 (2d Cir. 1999).

"threshold requirement" has been met, a court should consider secondary factors, such as "the indigent's ability to investigate the crucial facts, . . . the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination." *Id.* at 61-62. We have rejected a policy of appointing counsel only after a plaintiff's claim has survived a dispositive motion. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).

Even assuming that Vega's claims met the threshold requirement of likely merit, it is evident from the record that the secondary factors weighed against appointment of counsel. As the district court observed, Vega had litigation experience and paralegal training, and he demonstrated an ability to pursue his claims without assistance of counsel. The district court also based its decision in part on Vega's "clear recalcitrance in this case," *Vega v. Rell*, 3:09-cv-737 (VLB) (D. Conn. filed Dec. 11, 2012), ECF No. 179 at 7, finding that he had "not acted in good faith" by "consistently . . . ignor[ing] the court's dismissal of claims from th[e] case," *id*. at 5. Under these circumstances, the district court did not abuse its discretion in declining to appoint counsel.

## II. Sua Sponte Dismissals

Vega also challenges the district court's dismissals of various claims sua sponte pursuant to § 1915A. On appeal, he argues only that the district court dismissed claims of "constitutional meritorious magnitude," without identifying the district court's error or explaining the constitutional significance of his claims. Appellant's Br. at 21. He has therefore waived review of these dismissals. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998). "[A]ppellate courts generally do not hold *pro se* litigants rigidly to the formal briefing standards . . . [but] we

3

need not manufacture claims of error for an appellant proceeding *pro se*, especially when he has raised an issue below and elected not to pursue it on appeal." *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) (citation omitted).

### III.    Summary Judgment

We review de novo a district court's grant of summary judgment, "resolv[ing] all ambiguities and draw[ing] all factual inferences in favor of the [non-movant]." *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999) (internal quotation marks omitted). "Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003).

### A.  July 9, 2012 Grant of Partial Summary Judgment

On July 9, 2012, the district court granted summary judgment to defendants Furey and Silvis on Vega's claims of deliberate indifference to serious medical needs and involuntary administration of psychiatric medication.   Vega contends that the district court erred by deeming Silvis's and Furey's Local Rule 56(a)1 statement of facts undisputed because Vega's statement in opposition to summary judgment lacked citations to either the affidavit of a witness who would be competent to testify or to other admissible evidence, as required by Local Rule 56(a)3.

We give "considerable deference" to the district court's interpretation and application of its own local rule, and review such rulings for abuse of discretion.   *See LoSacco*, 71 F.3d at 92. However, "[a] local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply."   Fed. R. Civ. P. 83(a)(2). Vega had notice of the requirements of the local rule yet failed to comply.   However, he did

4

submit a 17-page affidavit with assertions of fact that countered those set forth in Silvis's and Furey's statement of undisputed facts. In support of his affidavit's counter-assertions of fact, Vega cited to his medical records. Accordingly, we would be reluctant to ignore Vega's submission on the ground that its form did not fully comply with the local rule.

However, the district court did not itself disregard Vega's submission. On the contrary, it analyzed his affidavit's counter-assertions of fact, but concluded that his uncontroverted medical records undercut each one. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007); *see also D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998) (explaining that the party opposing summary judgment "may not rely on mere conclusory allegations nor speculation, but instead must offer some hard evidence" in support of its factual assertions). On appeal, Vega does not claim that the district court misconstrued the medical records, nor does he point to any evidence that refutes the defendants' statement of facts entitling them to summary judgment. Therefore, Vega was not prejudiced by the district court's application of Local Rule 56(a)3, and the district court did not abuse its discretion in applying that rule.

Vega also argues that the district court prematurely granted summary judgment for Silvis and Furey because the defendants had not yet complied with his motion to compel discovery of various documents. Vega's argument overlooks the fact that the district court denied Vega's motion to compel discovery before granting summary judgment. In any event, Vega has not identified, either in his objection to summary judgment as premature in the district court or in his

5

brief before this Court, any specific discoverable information he hoped to obtain by his discovery requests that would have raised a material issue of fact. Vega's assertion that summary judgment was premature due to incomplete discovery is therefore without merit. *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir. 1994) ("[The nonmovant's] argument is that it should be allowed to find out if it has a claim, rather than that it has a claim for which it needs additional discovery. Such divagation is decidedly not the object of the discovery procedures outlined in the Federal Rules of Civil Procedure.").

**B. December 4, 2013 Grant of Partial Summary Judgment**

On December 4, 2013, the district court granted summary judgment in favor of defendants on Vega's claim that he experienced unsanitary cell conditions in the Restrictive Housing Unit on the grounds that Vega failed to exhaust his administrative remedies. Vega argues that his failure to grieve this claim should be excused because correction officers refused to provide him the correct grievance form.

The Prison Litigation Reform Act mandates that inmates exhaust the administrative remedies available to them before they seek relief in federal court for prison conditions. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002). "[P]roper exhaustion" requires "using all steps that the agency holds out, and doing so *properly*." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (emphasis in original) (internal quotation marks omitted). While exhaustion is mandatory, failure to exhaust may be excused when "administrative remedies are not available to the prisoner" or when the prisoner has "a reasonable misunderstanding of the grievance procedures." *Ruggiero v. County of Orange*, 467 F.3d 170, 175 (2d Cir. 2006), *citing Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004).

6

The district court correctly determined that Vega failed to raise a triable issue of fact on whether his failure to exhaust his administrative remedies may be excused. Vega offered no evidence beyond his conclusory allegation that grievance forms were not available to him. Moreover, the record demonstrates that Vega was provided a form on which he could have grieved his complaint, but elected not to use it. Instead, he filed a lengthy appeal of a disciplinary proceeding that contained only a single sentence referencing conditions in his cell. Accordingly, the district court did not err in granting summary judgment on this claim.

Vega also challenges the district court's decision in the December 4, 2013 summary judgment order not "to continue to liberally construe [Vega's] pleadings, a construction traditionally afforded pro se parties." *Vega*, 3:09-cv-737 (VLB) (D. Conn. filed Dec. 4, 2013) ECF No. 270 at 3. Vega suffered no prejudice from this decision because his exhaustion claim was unsupported, and indeed contradicted, by the record, and therefore did not present a triable issue of fact even under a liberal construction. Thus, we need not address whether, given Vega's litigation experience and paralegal training, the district court's decision to discontinue liberal construction was a proper exercise of its discretion. *See Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010).

**IV.     Judgment as a Matter of Law**

After filing his notice of appeal, Vega moved this Court "to be loaned/furnished a copy of the record on appeal." Appellant's Mot., June 19, 2014, ECF No. 41 at 1. We denied that motion, noting that Vega had "already submitted his brief" and therefore that "he no longer need[ed] the record to complete his brief." Mot. Order, Aug. 13, 2014, ECF No. 68 at 1. We explained that "to the extent trial transcripts are necessary to decide his appeal, [Vega] is

responsible for providing the transcripts." *Id.* We further advised Vega that he could seek free transcripts in the district court by submitting a motion identifying issues that present a substantial question, and that if this motion was denied Vega could then move in this Court. Vega replied that he would not seek any transcripts because he was "influenced by the Court's . . . reasoning in which the Court stated '. . . Appellant has already submitted his brief . . . .'" Appellant's Submission, Sept. 17, 2014, ECF No. 69 at 1-2.

Vega is obligated to provide the trial transcripts because without them we cannot assess his claims that the district court erred in granting judgment to defendants as a matter of law. *See* Fed. R. App. P. 10(b). Ordinarily, Vega's failure to provide the transcripts after being informed of his obligation to do so would result in his claim being dismissed with prejudice. *See, e.g.*, *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000). However, we recognize that our prior order was ambiguous, and Vega appears to have interpreted it, not unreasonably, to indicate that the transcripts were unnecessary because he had already submitted his brief. Accordingly, we dismiss this portion of his appeal without prejudice to afford him another opportunity to obtain the transcripts. *See Gayle v. Walker*, 148 F.3d 214, 214 (2d Cir. 1998) (dismissing pro se appeal without prejudice to reinstatement for failure to file transcripts). As explained, Vega may seek free transcripts in the district court by submitting a motion that identifies issues that present a substantial question. *See* 28 U.S.C. § 753(f). If the district court denies the motion, Vega may move in this Court and must again list issues that present a substantial question. *See* 2d Cir. R. 24.1.

Vega's appeal of the judgment as a matter of law is therefore **DISMISSED WITHOUT PREJUDICE** to reinstatement, provided that, within 30 days of the date of this order, he provides

this Court with (1) the trial transcripts; (2) proof that he has ordered the transcripts; or (3) proof that he has moved in the district court for free transcripts under 28 U.S.C. § 753(f).   Upon timely filing of the trial transcripts, the appeal will be reinstated, and will be assigned to a new panel in the ordinary course.   In all other respects, for the reasons set forth above, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk