16-1034
Washington v. Artus

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of September, two thousand seventeen.

PRESENT:    RALPH K. WINTER,
            DENNY CHIN,
            SUSAN L. CARNEY,
                        *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DONALD WASHINGTON,
                        *Plaintiff-Appellant*,

                    v.                                            16-1034-pr

DALE ARTUS, MIKE SEDAR, LISA LAPENNA,
NANCY LIAS, WILLIAM SCOTT, & PETER NIGRO,

                        *Defendants-Appellees.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

*        The Clerk of Court is respectfully directed to amend the official caption to conform to the above.

FOR PLAINTIFF-APPELLANT:      Donald Washington, *pro se*, Alden, New York.

FOR DEFENDANTS-APPELLEES:      Frederick A. Brodie, Assistant Solicitor General, Barabara D. Underwood, Solicitor General, Victor Paladino, Assistant Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Donald Washington, a prisoner proceeding *pro se*, appeals the judgment of the district court entered February 29, 2016, in favor of various prison officials and nurses of the Wende Correctional Facility, dismissing his complaint alleging claims for unconstitutional conditions of confinement and deliberate indifference to his serious medical needs, pursuant to 42 U.S.C. § 1983. By Decision and Order dated February 25, 2016, the district court granted defendants' motion for summary judgment, adopting the Report and Recommendation of United States Magistrate Judge Hugh B. Scott, and denied Washington's motion for reconsideration of the court's earlier denial of his motion for the appointment of counsel. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

This matter arises from a slip-and-fall incident that occurred while Washington was working in the prison mess hall. Washington alleges that he was forced to work in unsafe conditions -- on a slippery floor -- which resulted in his breaking his ankle. He also alleges that the medical department took four hours to send him to the emergency room for treatment and subsequently denied him proper pain medication.

We review *de novo* the district court's grant of summary judgment, with the view that "[s]ummary judgment is appropriate when there is 'no genuine dispute as to any material fact' and the moving party is 'entitled to judgment as a matter of law.'" *Chabad Lubavitch of Litchfield Cty., Inc. v. Litchfield Historic Dist. Comm'n*, 768 F.3d 183, 192 (2d Cir. 2014) (quoting Fed. R. Civ. P. 56(a)). "There is no 'genuine' dispute when 'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Upon review, we conclude that the district court correctly granted defendants' motion for summary judgment and affirm for substantially the reasons stated by the district court and set forth in the Magistrate Judge's Report and Recommendation.

I. **Conditions of Confinement**

To prevail on an Eighth Amendment challenge to conditions of confinement, a plaintiff must prove that "(1) objectively, the deprivation the inmate

3

suffered was sufficiently serious that he was denied the minimal civilized measure of life's necessities, and (2) subjectively, the defendant official acted with a sufficiently culpable state of mind, such as deliberate indifference to inmate health or safety." *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (internal quotation marks and alteration omitted).   We conclude that Washington failed to raise a genuine issue of fact as to either element.

Washington failed to present evidence sufficient to raise an issue of fact as to whether the wet mess hall floor objectively posed a sufficient risk of inmate harm. Although he asserts in his appellate brief that the wet floor had resulted in prior accidents causing serious injuries to other inmates, he presented no such evidence below.   He testified only that other inmates had "tripped over like holes in the floors and stuff like that."   App'x 41.   But even assuming this included slip-and-fall incidents, Washington proffered no evidence that the prior incidents led to any injuries, much less that the wet mess hall floor posed the type of risk that society considers "to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk."   *See Helling v. McKinney*, 509 U.S. 25, 36 (1993).

Washington also failed to present evidence from which a reasonable jury could find that prison officials subjectively acted with the culpable state of mind necessary for an Eighth Amendment violation.   Although he contends on appeal, and

4

contended in his unsworn summary judgment papers, that he and other inmates had repeatedly warned prison officials about the dangers posed by the wet mess hall floor, he provided only conclusory assertions and no details or specifics. Further, even if Washington could demonstrate that the defendants were generally aware of the slippery condition of the mess hall floor, he proffered no evidence from which a reasonable jury could infer that the condition posed a risk of significant inmate harm and that the defendants intentionally disregarded that risk. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[T]he [defendants] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [they] must also draw the inference."). We agree with the district court that Washington's claim sounds at most in negligence, not deliberate indifference: deliberate indifference requires a showing of a "wantonness" that is lacking here. *See Wright v. Goord*, 554 F.3d 255, 268 (2d Cir. 2009).

## II. Serious Medical Needs

To prevail on a claim for deliberate indifference to an inmate's serious medical needs, a plaintiff must prove that (1) objectively, the alleged deprivation of medical care was "sufficiently serious," and (2) subjectively, that the defendants acted or failed to act "while actually aware of a substantial risk that serious inmate harm will result." *Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006). Washington argues that the defendants were deliberately indifferent to his serious medical needs in two

ways: first, by unreasonably delaying medical treatment after his slip-and-fall accident and, second, by later giving him insufficiently strong pain medication.

First, Washington argues that the defendants demonstrated deliberate indifference to his broken ankle by allowing four hours to pass before transporting him to the emergency room. We conclude, however, that the record does not contain sufficient evidence to permit a reasonable jury to find a sufficiently serious deprivation of medical treatment or deliberate indifference. The defendants carried Washington on a stretcher to the infirmary soon after the incident, treated his broken ankle with a splint and ice, and arranged to have him transported to the emergency room after consulting with an outside doctor. Although Washington complains on appeal that the defendants should have provided him with pain medication at the infirmary, he testified that he did not request any. Further, Washington proffered no evidence, nor did he even allege, that any delay exacerbated his injury. *See Smith v. Carpenter*, 316 F.3d 178, 185 (2d Cir. 2003). On this record, no reasonable jury could find that the approximately four hours that elapsed between his injury and his arrival at the emergency room was a sufficiently serious deprivation of medical care or that the defendants were deliberately indifferent to his needs during that period.

Second, Washington argues that the defendants demonstrated deliberate indifference to his pain by discontinuing his prescription-strength pain reliever. Again,

6

we conclude that Washington failed to present evidence sufficient to raise an issue of fact.   Washington was initially prescribed Percocet before and after his surgery.   When he requested that he be transferred from the prison infirmary back to his regular cell, he was informed that he would no longer have access to prescription-strength painkillers, and he chose to be discharged anyway.   And although he contends that the Tylenol and Motrin the defendants prescribed him afterward was insufficient to treat his pain, the record is clear that he did not thereafter complain of any significant pain.   *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim.").[1]   Accordingly, we conclude that the district court properly granted summary judgment to the defendants on Washington's serious-medical-needs claims.

## III.   Appointment of Counsel

We review the denial of appointment of counsel for abuse of discretion. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986).   As Washington concedes, he was required to make "a threshold showing of some likelihood of merit" to have counsel appointed.   *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989) (per curiam). Although the magistrate judge initially appointed *pro bono* counsel, who subsequently withdrew due to a conflict of interest, by the time the magistrate judge revisited the

---

[1] On one occasion, Washington complained only of an itchy left foot, left ankle discomfort, and stomach discomfort.

7

issue, he had reviewed the summary judgment evidence and correctly concluded that Washington's claims lacked merit.   Accordingly, we conclude that the denial of appointment of new *pro bono* counsel was not an abuse of discretion.

. . .

We have considered Washington's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8